UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Everton Sterling,

        Plaintiff,

*Standing in propria persona, Sui juris*

-against-

DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE FOR FEMIT
TRUST 2006-FF6, MORTGAGE PASS
THROUGH CERTIFICATES, SERIES
2006-FF6; MORTGAGE ELECTRONICS
REGISTRATION SYSTEMS, INC.
(MERS). As NOMINEE FOR FIRST
FRANKLIN, A DIVISION OF NAT. CITY
BANK OF IN; NASSAU RECOVERY
INC./HOME FEDERAL SB; STEVEN JAY
BAUM, Reg. # 2092831; STEVEN J.
BAUM P.C.; PILLAR PROCESSING LLC.;
KYLE CLARK DIDONE, Reg. #4549275;
JASON B. DESIDERIO, LARRY TATE
POWELL, Reg. # 4544177; DAVIDSON
FINK LLP; EDMOND JAMES PRYOR,
Reg. # 2310605; LAW OFFICES OF
EDMOND J. PRYOR; SPECIALIZED LOAN
SERVICICING, LLC., SERVICER FOR
DEFENDANT DEUTSCHE BANK; and JOHN
"DOES" and JANE "DOES", 1 through 100.
        Defendant(s).

Case No.19-cv-00205(GBD)(KNF)



March 4, 2019

---

## NOTICE OF MOTION TO STRIKE
**DEFENDANT DAVIDSON FINK, LLP's AND LARRY TATE POWELL
MOTION TO DISMISS PURSUANT TO FRCP RULE 12(f)
AND TO JOIN THIS MOTION WITH PLAINTIFF'S OBJECTION IN RESPONSE
TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP RULE 12(g)(1)**

**PLEASE TAKE NOTICE** that upon the attached Affirmation in Support of Motion to Strike, the accompanying Memorandum of Law in Support, and upon all prior pleadings and proceedings in this action, Plaintiff, Everton Sterling, move this Court before the Honorable

George B. Daniels, United States District Judge, at the United States Courthouse at 500 Pearl Street, New York, New York, for an Order pursuant to Federal Rules of Civil Procedure 12 (f) striking the Defendant(s) Attorney, Heather C. M. Roger's Notice of Motion to Dismiss, Attorney Affirmation in Support of Motion to Dismiss, Memorandum of Law in Support of Defendant's Motion to Dismiss, Proposed Order against Plaintiff's verified Civil R.I.C.O. Complaint, as immaterial, impertinent and scandalous matter; and to join this Motion with Plaintiff's Objection to Defendant(s) Motion to Dismiss pursuant to FRCP Rule 12(g)(1).

## ARGUMENT

1. Plaintiff hereby makes this Court fully aware that the Defendant(s) Attorney's dispositive averment to the effect that this action pursuant to Federal Rule of Civil Procedure 12(b)(6) is unmerited, misleading and erroneous because the Defendant(s) Attorneys DAVIDSON FINK, LLP are the very Attorneys who are implementing the fraudulent foreclosure action commenced by Defendant Steven J. Baum, PC.

2. The fact of the fraud upon the Court perpetrated by Defendant(s) Attorney DAVIDSON FINK, integral involvement in the foreclosure case instigated by Defendant(s) DEUTSCHE BANK (Index No. 381213/2008) in the enforcement of the fraudulently induced Mortgage contract is evidenced by the Affidavit proffered to the New York State Supreme Court by Megan Lyle, Esq., of the Defendant(s) DAVIDSON FINK Law Firm, affirmatively averring that she is "fully aware of the underlying action, as well as the proceedings had herein…". (*See* Exhibit "A", Megan Lyle, Esq.'s Affidavit).

3. Said Attorney, Megan Lyle, Esq. effectively admitted to the actual involvement of the Attorney Law Firm, Defendant(s) DAVIDSON FINK's role in the perfection of the fraud being perpetrated upon the Plaintiff by the Defendant(s), and each of them, thus, the Defendant(s) DAVIDSON FINK's FRCP Rule 12(b)(6) dispositive averment going to the Plaintiff's failure to state a claim for which relief can be granted against them is false, and must be stricken from the record.

4. Also, any dispositive averments going to time bar stipulations are irrelevant and not applicable to this action. The law is clear on the statute of limitations for fraud and Plaintiff is sure the Court is aware that the tolling for fraud does not begin when the fraud took place but when it was discovered.

5. Plaintiff affirmatively avers that this case is not time barred under any statute of limitations period for the allegations specified for the causes of action of this case because the allegations of fraud specified herein were only recently discovered after, and not when the foreclosure action(s) were litigated, so any dispositive averment of a time bar stipulation going to previously judged and/or litigated cases is not applicable and must be stricken from the record of this case.

6. Plaintiff hereby makes this Court fully aware that this action is not an attempt to re-litigate or review any judgments from any other foreclosure proceeding(s) or in any other court. Plaintiff has not even mentioned any prior foreclosure action within the body of the verified Civil R.I.C.O. Complaint presently before this Court because the judgments rendered and being litigated in those actions were, and/or are being procured by extrinsic fraud upon the Court, and are therefore Void in light of the facts and law which is the subject matter of this Compliant.

7. Thus, the prior foreclosure judgments Defendant(s) Attorney attempts to invoke as an affirmative defense against this Complaint for claim preclusion purposes is scandalous matter because the judgments in those actions were procured by fraud upon the Court, and, such judgments are extraneous and inconsequential to this case.

8. This Court is hereby made qualifiedly aware that, for all intents and purposes, the prior foreclosure judgments rendered by the State Court of New York against Plaintiff's property interests, are actually acts of fraud upon the Court that the Defendant(s), and each of them, have perpetrated against Plaintiff personally, and Plaintiff's property interests extrinsically.

9. Plaintiff respectfully expects this Court recognize and give judicial perspicacity to the subject matter of this case and not any other prior foreclosure cases, Bankruptcy Court, District Court which are extraneous and irrelevant to this case, and to be fully aware that Defendant(s) Attorney is attempting to conflate those prior foreclosure judgments procured by extrinsic fraud upon the Court, into this instant action, as though those other foreclosure judgments and cases have anything to do with the subject matter of this case.

10. This Court should be acutely aware that the pleadings being presented herein are independent of any other action between the Party(s) before it, and no other case between the Party(s) named herein make any mention of the subject matter concerning Plaintiff's causes of action which has been litigated by Defendant(s) against Plaintiff before any other Court.

11. Plaintiff challenges the Defendant(s) and the Defendant(s) Attorney to make an Offer of Proof as to exactly what they predicate their claim preclusion allegations on that

were made by Plaintiff in any other proceeding that Plaintiff is attempting to re-litigated here, or could have been litigated before being introduced as a separate independent action here that would trigger any *Res Judicata* claim preclusion, and whether those issues they claim as being already litigated in prior foreclosure actions were given any plenary examination from the Court as to the merits of those allegations.

12. Plaintiff affirmatively assures this Court that what the State Court was given to glean in its purview of the subject matter in any prior foreclosure action had absolutely nothing to do with the subject matter presently before this Court.

13. Any prior State Court decision based upon findings of fact procured through the fraud upon the Court by the Defendant(s), and each of them, in any other State Court foreclosure action that Defendant(s) Attorney asserts is being re-litigated here as an affirmative defense for *Res Judicata* purposes, do not remotely relate to this case, and therefore, do not apply, and must be stricken.

14. Plaintiff affirmatively asserts that this action is not inextricably intertwined with the subject matter of any prior foreclosure judgment(s) procured by fraud upon the Court by the Defendant(s), and each of them, and any such averment alluding to that effect must be stricken from the record of this case as well.

15. Plaintiff is sure that the fraud being exposed by Plaintiff in this action is not precluded or restricted by any prior State Court judgment triggering principles of time bar limitations or *Res Judicata*, because the claims Plaintiff make here are independently verifiable and self-authenticating to the subject matter of this Compliant and goes right to the heart of the Standing of the Defendant(s), and each of

them, to make any claim or defense against Plaintiff's property using a prior judgment against Plaintiff as a means to effectuate an equitable claim that was brought to the Court.

16. Plaintiff has submitted to this Court, in the Objection in Response to Defendant(s) Motion to Dismiss, self-authenticating evidence that the Defendant(s), and each of them, did not have Standing to invoke the State Court's jurisdiction to procure a foreclosure judgment against Plaintiff, so the judgment of foreclosure rendered by the State Court is Void and of no effect, and their assertion of any claim here based upon a prior judgment that is Void on its face as a matter of law is insufficient and non-existent as is their Standing

17. Plaintiff is sure the Court is aware that under the law of Equitable Estoppel, when self-authenticating evidence is proffered to the Court prior to the filing of the Complaint, such self-authenticating evidence precludes a claimant from filing for equitable relief.

18. Plaintiff hereby makes this Court fully aware that the self-authenticating evidence which Plaintiff has presented to this Court is the City of New York, Bronx County Tax Assessor's Appraisal specifying the fact that the Plaintiff's Mortgage(s) were significantly inflated and misrepresented by the purported Original Lender(s) in the Mortgage "Loan" contract agreement, and that significant misrepresentation can be readily calculated to elicit a monetary damage amount which Plaintiff suffered as a result of that misrepresentation.

19. Plaintiff affirmatively avers that the previous foreclosure judgment(s) Defendant(s) Attorney is attempting to introduce as an affirmative defense in this case is Void on

its face from the fraud upon the Court perpetrated by the Defendant(s), and each of them, using fraudulently induced Mortgage contracts, which effectively equitably estops the Defendant(s), and each of them, from making any fraudulent procured claim against Plaintiff's property, or invoking an affirmative defense pleading using fraudulently procured judgments of foreclosure in their dispositive Motion to Dismiss against Plaintiff's verified Civil R.I.C.O. action.

20. Plaintiff affirmatively asserts that the elements of misrepresentation and fraud in the Mortgage "Loan" contract(s) attached to the Plaintiff's property makes the enforcement of the Mortgage "Loan" contract unenforceable as a matter of law, and any assertion of its enforceability is irrelevant to the subject matter of this action because Plaintiff has proffered incontrovertible proof to this Court that the Mortgage "Loan" contract(s) were fraudulently induced, and therefore, any judgments procured using those fraudulently induced Mortgage "Loan" contracts are Void and of no effect.

21. The viability of Defendant(s) Standing to enforce any claim to Plaintiff's property from a fraudulently induced Mortgage contract or to use a fraudulently induced Mortgage contract to procure a judgment of foreclosure against Plaintiff's property(s) MUST be construed as ineffective and Void under all applicable law.

22. In fact, if anyone is precluded or equitably estopped from litigating any claim concerning Plaintiff's property(s) in this case, it is the Defendant(s), and each of them, for their fraudulent inducement unfair business practices.

## STATEMENT OF FACTS AND LAW

23. "Fraud upon the Court, as distinguished from fraud on an Adverse Party, is limited to fraud which seriously affects the integrity of the normal process of adjudication." (*Hodges v. Yonkers Racing Corp.*, 48 F. 3d 1320, 1325 [2d Cir. 1995]).

24. Plaintiff has clearly specified for this Court in the Plaintiff's Objection to Defendant's Motion to Dismiss that the Defendant(s), and each of them, have no Standing to invoke the State Court's jurisdiction to enforce an equitable claim to a Mortgage contract the was fraudulently induced.

25. The Mortgage contract said Defendant(s) fraudulently induced has no legal status at law to be construed and recognized as a contract. A Mortgage contract that is fraudulently induced is invalid because of the unconscionable fraudulent misrepresentation of material facts at the inception of the contract agreement. Therefore, the affirmative defense averments in the Defendant(s) Attorneys' Motion to Dismiss, is not applicable to Plaintiff's Complaint and must be stricken.

26. Plaintiff's property(s) which Defendant(s) make claim against are not liable to be the subject matter of a foreclosure action for which the Defendant(s), and each of them, can lawfully make a claim to invoke the State Court's jurisdiction to enforce their fraudulent claim without perpetrating fraud upon the Court in procuring a foreclosure judgment that, for all intents and purposes, is Void on its face as a matter of law.

27. Plaintiff respectfully expects this Court to recognize the fact that the Defendant(s), and each of them, lack of Standing to invoke the State Court's jurisdiction with a fraudulently induced "Liar's Loan" Mortgage contract, have procured, or are in the process of attempting to procure the State Court's jurisdiction to obtain a judgment in a sham foreclosure action under Color of State Law.

28. This Court must be respectfully aware that the procurement of a State Court judgment using a fraudulently induced Mortgage contract is a Void Judgment, so any claim preclusion under time bar stipulations and *Res Judicata* Estoppel Doctrines are inapplicable for dismissal and Summary Judgment as well.

29. Also, the Court should take judicial notice that Plaintiff's verified Claims and causes of action are not inextricably intertwined with the prior State Court foreclosure actions Defendant(s) Attorney indicates as an affirmative defense in her Memorandum of Law for his Motion to Dismiss.

30. Plaintiff is not seeking a review of the State Court's judgment of subject matter that is inextricably intertwined with any other litigated foreclosure action because the pendent claims herein go to the fraudulent nature of the Mortgage "Loan" contract at its inception, and the corrupt influenced business practices that render any equitable claims Defendant(s) have is Void *ab initio*, and the fact that the Defendant(s), and each of them, have pursued a remedy from that fraudulently induced Mortgage "Loan" contract through fraud upon the Court. None of which were ever mentioned as an issue to address any of the prior foreclosure actions.

31. Given the indisputable veracity of the Plaintiff's documented proof which Plaintiff has already proffered to this Court, the Defendant(s), and each of them, who are making claim against Plaintiff's property(s), and attempting to execute the enforcement of their Claim in the State Courts are, for all intents and purposes, perpetrating fraud upon the Court in their State Court foreclosure actions, and this Court should be acutely aware that the procurement of a judgment rendered by fraud upon the Court is Void as a matter of law.

32. Plaintiff has qualifiedly made a viable objection to the Defendant(s) Attorney's Motion to Dismiss through the points of law and authorities submitted within the duly filed Objection to said Motion, and corresponding Memorandum of Law in support thereof.

33. The Plaintiff's lawful and appropriate assertions that are well pleaded within the Plaintiff's Objection in Response to Defendant(s) Motion to Dismiss are compelling enough to justify the grounds for this Motion to Strike the Defendant's Motion to Dismiss.

34. The arguments of any time bar preclusion, *Res Judicata* judicial estoppel doctrines and Anti Injunction Act prohibitions that Defendant's Attorney proffers before this Court as affirmative defenses are not only disingenuously inapplicable, but inadmissible for the requisite compliance with the precedent case law and statutory points of law and authorities comprehensively explained by Plaintiff in the Plaintiff's Memorandum of Law and Mandatory Judicial Notice of Adjudicative Facts which Plaintiff respectfully combines as a concurrent pleading with this Motion to Strike the Defendant's Motion to Dismiss per FRCP Rule 12(g)(1).

35. Another precedent case law authority Plaintiff respectfully makes this Court aware of is the fact that the Defendant(s) Attorney is motioning this Court for dismissal without any testimony or Affidavit from a Party of Interest who has first-hand personal knowledge of the particulars of the allegations set forth in Plaintiff's verified Civil R.I.C.O. Complaint.

36. It is Defendant(s) Attorney who is submitting the pleadings for the Defendant(s), and each of them, without any Affidavit from any one of the Defendant(s) rebutting the Plaintiff's verifiable claims or attesting to the validity of the statements made therein.

37. Plaintiff has made a *prima facie* case, based upon the facts and law specified within Plaintiff's verified Civil R.I.C.O. Complaint.

38. The Defendant(s) Attorney's Motion to Dismiss, which is being made to this Court on the basis of Defendant(s) Attorney's testimony or pleadings alone, is not admissible or sufficient for dismissal or for Summary Judgment pursuant to *Trinsey v. Pagliaro*, 229 F. Supp. 647, D.C. Pa. [1964], which says: "Statements of Counsel in brief or in argument are not sufficient for motion to dismiss or for summary judgment."

39. Factual statements or documents appearing only in briefs shall not be deemed to be a part of the record in the case, unless specifically permitted by the Court. Considering the fact that the Defendant's Attorneys do not have personal knowledge of the transaction between Plaintiff's and the Defendant(s) concerning the facts of the instant action, and have not dispelled or discredited the viable averments going to the fact that the Party who perpetrated fraud upon the Court to procure a foreclosure judgment did not exist, or that the Plaintiff's Satisfaction of Mortgage was a nullity, any statements they make in their dispositive motion is not only hearsay, but in violation of FRCP Rule 11(b) which stipulates that "…an Attorney or unrepresented Party is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances…", to what they are submitting in brief or oral argument to the Court.

40. The Plaintiff's Objection in Response to Defendant(s) Motion to Dismiss has heretofore made this Court acutely aware that the Defendant's Attorney does not have personal knowledge of the unconscionable Unfair Business Practices that occurred to fraudulently induce Plaintiff in the transaction of the purported Mortgage "Loan" contract agreement between Plaintiff and the purported Original Lender(s).

41. The Defendant(s) Attorney or any other subsequent Party of Interest for that matter, *i.e.*, the Defendants, and each of them, cannot make any disavowing statements to the contrary of Plaintiff's claims that the purported Original Lender(s), fraudulently induced Plaintiff in the purported Mortgage "Loan" contract, for which the Plaintiff has self-authenticated documented proof from the County Tax Assessor's Appraisal records to verifiable establish to this Court that there is indeed a discernable fraudulent discrepancy in the Loan to Value Ratio of the property(s) that are the subject matter of this Complaint, and that the purported Original Lender(s) deliberately misrepresented that fact to fraudulently induce Plaintiff to purchase the Mortgage contract to the detriment of the Plaintiff without Plaintiff's knowledge or consent.

42. Plaintiff has made coherently incisive rebuttals of the subject matter Defendant(s) Attorney makes reference of within said Defendant(s) Attorney's Motion to Dismiss. Said Defendant(s) Attorney's assertions in his dispositive Motion is hearsay, pursuant to the clearly established precedent case law of <u>Trinsey v. Pagliaro</u>, *supra*. And, because the Defendant(s) Attorney literally and actually cannot proffer any statements or testimony from his own briefs or oral argument because he does not have personal

knowledge of the particulars of this case, the Court cannot and should not render a judgment to dismiss on behalf of the Defendant(s).

43. The Court must determine the applicable law under Common Law tradition and Rule 201 of the Federal Rules of Evidence. Thus, federal judges are required to take Judicial Notice of all domestic constitutional, statutory and case law; State law as well as federal.

44. Under the circumstances presently before this Court, where the Plaintiff has made a plausible *prima facie* case for which relief can be granted, whereupon the affirmative defenses proffered to the Court by the Defendant(s), and each of them, are not appropriately applicable, the process by which the Court should deliberate its decision must be in accordance with precedent case law and the facts of the case.

45. Without the testimony of a true witness or Party of Interest who can rebut the Plaintiff's verifiable allegations, the Court must deny Defendant(s) Motion to Dismiss as irrelevant and insufficient on its face for dismissal or Summary Judgment of Plaintiff's Complaint pursuant to FRCP Rules 12(f), 12(g)(1) and *Trinsey v. Pagliaro*, (*supra*).

46. Plaintiff respectfully suggests that the judge diligently review the pleadings contained within the Plaintiff's Memorandum of Law in Support of Plaintiff's Objection to Defendant's Motion to Dismiss, so as to justiciable substantiate whether Defendant(s) Attorney's averments in their dispositive Motion is applicable in light of the law of fraud upon the Court and Void Judgments.

47. Plaintiff respectfully avers that, for all intents and purposes, not only does Defendant(s) Attorney have no justifiable right to make any dispositive Motion to

Dismiss Plaintiff's verified Civil R.I.C.O. Complaint while continuing to benefit from fraudulently induced Mortgage contract agreement(s), but also because without any Affidavit or testimony rebutting the facts presented in Plaintiff's Civil R.I.C.O. Complaint from a Party of Interest with first-hand knowledge under penalty of perjury, such Motion to Dismiss is insufficient on its face pursuant to *Trinsey*, therefore it is procedurally defective and must be stricken from the record as a matter of law.

## CONCLUSION

In summary, based upon all the foregoing facts, precedent case law and points of law and authorities cited by Plaintiff above, as well as within the Plaintiff's Objection in Response to the Defendant(s) Motion to Dismiss, with is corresponding Memorandum of Law and Mandatory Judicial Notice of Adjudicative Law, Plaintiff respectfully requests the Court join the Motions made by Plaintiff to Object and Strike Defendant(s) Motion to Dismiss with its corresponding Memoranda in support thereof, and thereby deny Defendant's Motion to Dismiss, sustain and grant Plaintiff's Objection and Motion to Strike, and disregard and/or expunge Defendant Attorneys' unacceptable briefs that are, for all intents and purposes, immaterial, impertinent, and scandalous matter, as well as devoid of personal first hand knowledge from any Party with personal knowledge of the particulars of the subject matter, so Defendant(s) dispositive Motion essentially constitutes as hearsay submitted without any attestation under penalty of perjury, which as a matter of law, such matters and pleadings proffered in briefs by Attorneys are subject to be held inadmissible in accordance with *Trinsey v. Pagliaro*, *supra*.

Due to the fact that the Defendant(s), and each of them, have not provided any irrefutable evidence to countermand or rebut the assertions stipulated by Plaintiff within the Plaintiff's

verified Civil R.I.C.O. Complaint, particularly the issues of time bar limitations and *Res Judicata* claim preclusion assertions the Defendant(s) Attorney attempts to invoke in his Motion to Dismiss, which is not only inapplicably without merit, but unacceptable for its impertinent reliance on Void Judgments, and must not be given any viable consideration for a Motion to Dismiss or for Summary Judgment by this Court for the good and sufficient reasons specified herein and in Plaintiff's Objection in Response Defendant(s) Motion to Dismiss as well.

Therefore, the pleadings proffered to the Court by Plaintiff stand alone as true for Defendant(s) failure to controvertibly rebut those pleadings. Plaintiff, Everton Sterling, is entitled to a plenary examination of the verifiable causes of action proffered to the Court in the Civil R.I.C.O. Complaint which was duly filed in the District Court for the State of New York. And, in light of the facts and law comprising the content and context of this verified Civil R.I.C.O. Complaint, Plaintiff clearly meets the criteria for stating a claim for relief which Plaintiff is entitled to receive from the damages suffered by the acts of the Defendant(s), and each of them, in their fraudulent unconscionable corrupt enterprises.

Plaintiff, Everton Sterling, hereby respectfully demands the Court take Mandatory Judicial Notice of the facts and law which Plaintiff has duly submitted in the Memorandum of Law in Support of the Objection to the Defendant(s) Attorney's Motion to Dismiss as it pertains to this Motion to Strike per FRCP Rules 12(f) and to join this Motion with Plaintiff's Objection in Response to Defendant(s) Motion to Dismiss pursuant to FRCP Rule 12(g)(1). Plaintiff also respectfully demands that this Court recognize the fact law that the proponent of the judicially noticed facts submitted for judicial consideration is thereby relieved of the burden of proof in presenting evidence attesting to those facts, and that once Mandatory Judicial Notice has been

taken, the Party to whom the noticed fact operates is, at least under traditional view in Civil cases, prohibited from challenging the veracity of that fact.

Unless the Defendant(s) and their Attorney can present self-authenticating evidence to countermand and rebut the self-authenticating evidence Plaintiff has already proffered to the Court, and to present such evidence from someone having personal knowledge, information and belief, formed after an inquiry reasonable under the circumstances to make any such a statement verifiably rebutting Plaintiff's incontrovertible proof, and to declare such testimony or evidence under penalty of perjury, the Defendant(s), and each of them, have no right to make any equitable claim against Plaintiff's property(s), and this Court must deny Defendant's Motion to Dismiss in its entirety with prejudice.

**WHEREFORE,** Plaintiff Everton Sterling, respectfully moves this Court for an Order striking the Defendant(s), and each of them, Motion to Dismiss as immaterial, impertinent and scandalous matter pursuant to FRCP Rules 12(f) and to join this Motion to Plaintiff's Objection in Response to said Motion to Dismiss pursuant to 12(g)(1), and grant Plaintiff such other and further relief as to the Court seems just and proper.

Dated: New York State, Bronx County.
March 4, 2019.

Respectfully,

By: *[signature]*
Everton Sterling *UCC 1-308*
c/o General Post 341
Bronx, New York [10469-9998]