UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Everton Sterling,

        Plaintiff,

*Standing in propria persona, Sui juris*

      -against-

DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE FOR FEMIT
TRUST 2006-FF6, MORTGAGE PASS
THROUGH CERTIFICATES, SERIES
2006-FF6; MORTGAGE ELECTRONICS
REGISTRATION SYSTEMS, INC.
(MERS). As NOMINEE FOR FIRST
FRANKLIN, A DIVISION OF NAT. CITY
BANK OF IN; NASSAU RECOVERY
INC./HOME FEDERAL SB; STEVEN JAY
BAUM, Reg. # 2092831; STEVEN J.
BAUM P.C.; PILLAR PROCESSING LLC.;
KYLE CLARK DIDONE, Reg. #4549275;
JASON B. DESIDERIO, LARRY TATE
POWELL, Reg. # 4544177; DAVIDSON
FINK LLP; EDMOND JAMES PRYOR,
Reg. # 2310605; LAW OFFICES OF
EDMOND J. PRYOR; SPECIALIZED LOAN
SERVICICING, LLC., SERVICER FOR
DEFENDANT DEUTSCHE BANK; and JOHN
"DOES" and JANE "DOES", 1 through 100.
        Defendant(s).

Case No.19-cv-00205(GBD)(KNF)



March 4, 2019

**OBJECTION IN RESPONSE
<u>TO DEFENDANT DAVIDSON FINK LLP'S AND LARRY TATE POWELL
MOTION TO DISMISS</u>**

COMES NOW the Plaintiff, Everton: Sterling, to hereby make a formal objection in

response to the Defendant(s) Motion to Dismiss the Verified Civil R.I.C.O. Complaint duly filed

in this Court by Plaintiff for just cause. First of all, Plaintiff vehemently rebuts and objects all the

unscrupulous irrelevant averments postulated by Defendant(s) Attorney(s) within the context and content of their Motion to Dismiss.

Said Attorney(s) are in active default and should be denied their long overdue dispositive Motion pleadings, besides the fact that the dispositive pleadings ascribed therein deviously mischaracterizes Plaintiff's verifiable causes of action that Plaintiff has explicitly and plainly stated a claim for which relief can be granted, and for which Plaintiff is lawfully entitled to receive treble damages as a result of those lawful claims under a verified Civil R.I.C.O. Complaint.

The Plaintiff's causes of action are based upon the fact that the "Loan to Fair Market Value Ratio" was fraudulently misrepresented to Plaintiff with a false and inflated appraisal overstating the property value and it is without doubt or speculation that Plaintiff's verifiable lawful assertions, as plainly stipulated within the content and context of this Civil R.I.C.O. Complaint, are based upon valid truth, fact, law and evidence.

Plaintiff emphatically rebukes and objects to the Defendant(s) Attorney's dispositive assertions going to failure to state any claim for which relief can be granted, this Court's lack of subject matter jurisdiction, time bars stipulations and *Res Judicata* claim preclusion are not only spurious, but artfully intended to misdirect the Court from the verifiable and authenticated proof which Plaintiff has proffered to the Court in this case with Plaintiff's Exhibits affirmatively corroborating the facts of the fraud suffered by Plaintiff at the hands of the Defendant(s), and each of them, as it pertains to the violations of law governing Civil R.I.C.O. as said law defines the provisions of the remedy for a corrupt enterprise.

The causes of action particularly delineated by Plaintiff within the content and context of the Plaintiff's Complaint presently before this Court not only fulfill the lawful qualifications

required for a Civil R.I.C.O. but also state a plausible claim for which relief can be granted by thoroughly elucidating the damages of the Defendant(s) fraud in monetary terms. Plaintiff's justification for exacting the monetary damages is predicated upon the calculations of the disparity in the Loan to Ratio Value attributed to the County Tax Assessor's Appraisal of Plaintiff's property and the misrepresented inflated monetary fraud of the Defendant(s) Mortgage Appraisal price valuation.

Plaintiff relies upon the documented accounting of the County Tax Assessor as well as the facts of the matter that were discovered and testified upon by the experts summoned by Congress who were interviewed in the Financial Crisis Inquiry Commission's congressional investigation of the financial industry's unconscionable practices that are evidence which can plausibly be construed of a Racketeering Influenced Corrupt Organization's enterprise.  This reliance on the documented facts and testimony of governmental summoned experts is not the conjecture of an educationally incompetent layman's conclusory "belief", but the rational thoughtful logic of a reasonably intelligent human being.

Plaintiff has plausibly pleaded the facts and law of the fraudulent inducement and fraud in the *factum* of Mortgages as a Corrupt Organization's industry pattern and practice under the guidelines of provisions of law governing Civil R.I.C.O. as it relates to the testimony and evidence uncovered from the congressional inquiry Commission's report, and Plaintiff has qualifiedly made claim of those frauds in this action, particularly, as such fraudulent pattern and practice relates to damages inflicted on Plaintiff on the part of the Defendant(s), and each of them, named herein.

The artful dodging misdirection of Plaintiff's Complaint not being a claim for which relief can be granted as to the FINK and LARRY Defendant(s) when the FINK and

Defendant(s) played a significant role in the perpetration of fraud upon the Court using the fraudulently induced Mortgage contract is untenable. This duplicitous effort to change the subject matter of this Complaint is clearly evident from the FINK and LARRY Defendant(s) imposition of the prior State Court foreclosure cases and unrelated Bankruptcy filings which their Attorney uses as Exhibits in their Motion to Dismiss as an affirmative defense.

Plaintiff is not time barred and precluded from litigation in this case based upon prior foreclosure judgments procured from a Mortgage contract that is Void *ab initio* and *nunc pro tunc*, that Defendant(s) Attorney refers to in their Motion to Dismiss. Such irrelevant prior State Court foreclosure case issues is unequivocally dispelled and countermanded by the Plaintiff's incontrovertible self-authenticating Exhibits from the Bronx County Clerk's Records that were included within the Plaintiff's verified Civil R.I.C.O. Complaint.

Those Exhibits clearly show the fact that the Bronx County Tax Assessor's Appraisal value of the real property(s) Plaintiff is making a lawful claim for damages herein are documented in the Bronx County Tax Assessor's Records. Said Exhibits are proof there is a significant discrepancy of the money Value Appraisal for the Plaintiff's property(s) and the Mortgages sold to Plaintiff for the property(s) that are the subject matter of this Complaint, as evidenced by the clear and distinguishable disparity of the County Tax Assessor's Appraisal of Plaintiff's property(s) and Plaintiff's Mortgage Loan amounts, thereby making the Mortgage contract promulgated from that transaction Void on its face and unenforceable.

The obvious and significant disparity of the amount of money, when correctly calculated between the County Tax Assessment Appraisal Value, and the Mortgage Loan amounts as specified in the Plaintiff's Civil R.I.C.O. Complaint, is unquestionably over inflated, because the math simply does not lie or misrepresent facts like the Defendant(s) did in their fraudulent

inducement Mortgage scheme, so the lawful claim of the violations of law perpetrated by the Defendant(s) as delineated by Plaintiff in Plaintiff's Civil R.I.C.O. Complaint is not based upon Plaintiff's conclusory "belief", but real evidentiary documentation that is a matter of public record and documented by the Plaintiff's filings of those public records in the proceedings of this Court.

Additionally, the evidence and analysis of the Plaintiff's verifiable causes of action that are expressly delineated within the content and context of the Plaintiff's Civil R.I.C.O. Complaint are not Plaintiff's own theoretical conclusory "belief" speculations, but are actually the documented investigative findings of fact of William K. Black, a public finance regulation expert who specializes in "White Collar Crime", and who testified before a governmental Committee of the Financial Crisis Inquiry Commission (FCIC) that Congress set up in 2010 to investigate the Financial Crisis debacle of 2008.

So, Plaintiff's verifiable claims of fraud in the inducement and fraud in the *factum*, as these causes of action relate to this Civil R.I.C.O Complaint, are not only substantiated by the documented Exhibits from City of New York Department of Finances Notice of Property Value Report records, Tax Assessor's Office included in Plaintiff's Complaint through filings of pleadings to this Court, but also well founded upon facts and expert testimony of the evidentiary discovery material from a well-known governmental financial industry regulator who testified under penalty of perjury before a Commission set-up by Congress.

The said expert testimony submitted to Congress by the financial industry regulator named herein, affirmatively corroborates Plaintiff's assertions of "Liars Loans" as it directly relates to Plaintiff's Mortgage's that are the subject of this Complaint, and the corrupt enterprise pattern and practices of the financial industry to misrepresent and inflate the Loan to Value Ratio

of Mortgages that is part of the verifiable causes of action complained of in Plaintiff's Civil R.I.C.O. Complaint.

Secondly, Plaintiff's lawful claims are not Time-Barred for any of the years specified within the content and context of Plaintiff's verified Civil R.I.C.O. Complaint as errantly stipulated by the Defendant(s) Attorney in the "Introduction and Background Facts" of his Memorandum of Law in Support of his Motion to Dismiss, because **there is no viable statute of limitations for a Void Judgment procured by fraud upon the Court.**

Plaintiff's lawful verifiable claims and causes of action for fraud in the inducement and fraud in the *factum* cannot be time barred under any Statute of Limitation Doctrine when Plaintiff did not discover those frauds until well after the purported Original Lender(s) of the fraudulent scheme fraudulently induced Plaintiff into her Mortgage Agreement at an exorbitantly inflated purchase price.

Plaintiff did not learn of the fraud perpetrated by the Defendant(s) until now. And, the Defendant(s) who proffer their affirmative defenses predicted upon prior State Court foreclosure actions and unrelated Bankruptcy cases, have either procured a judgment for foreclosure against Plaintiff in the Superior Court for New York State, or is actively in the process of trying to procure a judgment for foreclosure by perpetrating fraud upon the Court using a Mortgage contract that is fraudulently induced and lawfully unenforceable.

So, the Defendant(s) Attorney's assertion that the Plaintiff has not made any claim for which relief can be granted against them is disingenuous, because now that they have been made decisively aware of the Plaintiff's causes of action going to a fraudulently induced Mortgage Contract, any actions which they are participating in to procure a judgment against Plaintiff for

that fraudulent Mortgage contract makes them complicit in the perfection of the fraud that Plaintiff is damaged from.

Also, Plaintiff must bring to this Court's attention, in anticipation of other Defendant(s) dispositive averments deflecting away from the subject matter of this Complaint, that there is absolutely no time bar limitation that can apply to Plaintiff's verified Civil R.I.C.O. as an affirmative defense by any of the Defendant(s) in their Motions to Dismiss, and since any such stipulations are not applicable to this action they must be denied with prejudice.

Given the fact that Plaintiff was not aware of the fraud until recently, and that the fraud Defendant(s) are guilty of is intrinsic to the subject matter of Defendant(s) fraudulent foreclosure action(s), which Defendant(s) Attorney mentions as a deflective claim for preclusion in his Memorandum of Law so as to invoke doctrines governing *Res Judicata*, is nothing more than an attempt to misdirect the Court from the relevant issues of this case, because the fraud perpetrated by Defendant(s) against Plaintiff's property rights in those State foreclosure actions are intrinsic to the Mortgage contract and are being pursued by Defendant(s) intent upon perfecting their fraudulent claim against Plaintiff's property through fraud upon the Court.

The facts and the law of this case concerning fraud upon the Court, which is self-evident from the Exhibits submitted together with Plaintiff's Complaint to this Court, qualifiedly establishes the fact that fraud in the inducement and fraud in the *factum* have been perpetrated by Defendant(s), and each of them, against the Plaintiff personally, and Plaintiff's property as well, are indisputable under those very evidentiary facts and circumstances Plaintiff has complained of and supplied corroborating Exhibits as evidence in this case. It therefore stands to reason that any judgment for foreclosure rendered against Plaintiff using those fraudulently induced Mortgages

were procured by fraud upon the Court, which as a matter of law any such judgment rendered by a Court using an intrinsically fraudulent instrument must be vacated as Void.

Plaintiff has proffered to this Court incontrovertible evidence establishing the facts and law of a verifiable claim made against the Defendant(s), and each of them, for perpetrating fraud in the inducement and fraud in the *factum* of the Mortgage Agreement(s) at the inception of the Mortgage transaction(s), all of which was unknown to Plaintiff at any time before, during or after the Mortgage contract was closed and foreclosure actions were begun or being litigated in the State Court, and because those actions were instigated and perfected through a fraudulent Mortgage scheme, the judgments rendered by the Court in those foreclosure actions are Void and inconsequentially irrelevant to the subject matter presently before the Court in this case, so the Defendant(s) Motion to Dismiss for claim preclusion, time bar limitations and *Res Judicata* are not applicable and must be denied.

The bottom line is, any and all participants in the enforcement of a fraudulently induced Mortgage contract bears some responsibility for their role in the defrauding Plaintiff through any imposition of a Void unenforceable contract and the and procurement of a judgment rendered from the Court using a Void unenforceable contract is also fraud and those who engage in such fraudulent acts are liable, so the Defendant(s) Attorney is liable for perfection of the perpetration of the fraud that Plaintiff is incurring.

This Court should be eminently aware that no time bar claim preclusion or dispositive Motion for an affirmative defense pertaining to Rooker-Feldman, Younger Abstention or Colorado River Doctrines are applicable to prohibit Plaintiff from the remedy and relief Plaintiff is entitled to receive for the Defendant(s) actions to perfect the fraud instigated by the purported Original Lender's fraudulent inducement of the Mortgage Agreement(s) at its inception.

Under the legal definition of intrinsic fraud, an intentionally false representation that goes to the heart of what a given lawsuit is about; whether fraud was used to procure the transaction, if the transaction was fraudulent it does not have the legal status of a contract. And, if the transaction does not have the legal status of a contract, the Court cannot assume subject matter jurisdiction of the foreclosure case. Without subject matter jurisdiction the Court must dismiss the action. If the Court renders judgment without subject matter jurisdiction the judgment is Void.

Intrinsic fraud is defined as "fraud which misleads a Court in determining issues and induces the Court to find for the Party perpetrating the fraud. The classic case of intrinsic fraud is perjured testimony or **presenting forged [or fraudulent] documents at trial**. Allegations that a Party failed to disclose documents also generally amount to intrinsic, rather than extrinsic fraud." (Raby Const. LLP v. Orr, 358 S.C. 10; 594 S.E. 2D 478 [2004]).

Plaintiff has clearly elaborated in detail, together with self-explanatory evidentiary Exhibits, that the Defendant(s), and each of them, are complicit with perpetrating fraud in the inducement and fraud in the *factum* upon Plaintiff, and for purposes of this objection to Defendant(s) dispositive Motion to Dismiss, since Defendant(s) Attorney made issue of irrelevant and inconsequential foreclosure actions in his Memorandum of law, that the Court lacked subject matter jurisdiction over because of the fraud perpetrated upon Plaintiff at the inception of the Mortgage transaction, said foreclosure actions are Void because such foreclosure actions and their judgments are being procured through fraud upon the Court, and as a matter of law, said foreclosure actions and Void judgments rendered therefrom are of no effect to the subject matter of this Civil R.I.C.O. Complaint, and at any time are subject to collateral attack or total disregard from the Court.

Under the Supreme Court decisions of the United States of America, "**a Void judgment is not entitled to the respect accorded a valid adjudication, but may be entirely disregarded, or declared inoperative by any tribunal in which effect is sought to be given to it, it is attended by none of the consequences of a valid adjudication, it has no legal or binding force of efficacy for any purpose or at any place...it is not entitled to enforcement...All proceedings founded on the Void judgment are themselves regarded as invalid.**" (30 *Am Jur* – Judgments" 44, 45).

Thirdly, the Defendant(s) Attorney's dispositive assertion of the Anti-Injunction Act's (AIA) statutory preclusion against injunctions over State Court jurisdictional authority does not apply to Plaintiff's verified Civil R.I.C.O. Complaint, because, for the very comprehensively precise reasons specified in the foregoing paragraphs, the Defendant(s), and each of them, do not have a lawful legal contract with which to present themselves as having Standing to invoke the State Court's jurisdiction to hear a foreclosure Complaint using a fraudulently induced Mortgage contract as the basis for their claim for equitable relief.

It is inarguably apparent from that fraudulent contract agreement that Defendant(s) do not have the legal status Standing to invoke the State Court's jurisdiction for the enforceability of a lawful contract. Without Standing, the State Court has no subject matter jurisdiction. Without subject matter jurisdiction the State Court action must be dismissed. If the State Court does not dismiss the case when it has no subject matter jurisdiction, the judgment rendered by such Court is Void. When a State Court does not, on its own grant a Void judgment on a case for which it had no jurisdiction, to protect and effectuate the validity and integrity of the judgments of the Court, the State Court can be enjoined by injunction of the Federal Court under the AIA.

The Supreme Court of the United States of America has a litany of decisions regarding Void Judgment. Agreeably, there are only three (3) exceptions of the AIA that expressly provides:

1) A Court of the United States may not grant an injunction to Stay proceedings in a State Court except as expressly authorized by Act of Congress;

2) or where necessary in aid of its jurisdiction; or

3) **to protect or effectuate its judgments**.

Plaintiff respectfully asserts that a Void Judgment goes to the very heart of the third clause of the Anti-Injunction Act's exceptions, notably, "to protect or effectuate its judgments". The judgments which are necessary to protect and effectuate is the body of law comprising the Void Judgment Doctrine of the Supreme Court.

There are undeniable stipulations of specifications of fraud clearly and unequivocally delineated within the content and context of Plaintiff's verified Civil R.I.C.O. Complaint that plausibly establish the fact that fraud is being perpetrated upon the Court, and this fraud being perpetrated is engendering Void judgments that are in contravention to the integrity, wisdom and righteousness of justice which the Court must uphold and maintain as its foundational purpose.

This Court has the jurisdictional authority to enjoin the perpetration of Void judgments procured by way of fraud upon the Court, when such subject matter of Void Judgment falls within the jurisprudent purview of the Court, the Court must adhere to the provisions of law to protect and effectuate sound judgment in accordance with the third exception clause of the AIA. Plaintiff respectfully suggests to the Court that where such provision of law under the AIA unambiguously allows this Court to issue an injunction against injustices procured by fraud upon the Court, that it should do so without hesitation, because such an injunction would not only

serve to protect and effectuate the integrity of the judgments of the Court by restricting and

correcting the procurement of Void Judgments, but would also serve as a compelling respectful

consideration for the Public Interest so as to instill confidence in the judicial integrity of the

Court in the eyes, heart and mind of the American People.

WHEREFORE, for the good and sufficient reasons specified herein, Plaintiff hereby

makes formal objection in response to the Defendant(s) Attorney's Motion to Dismiss, as well as

their Exhibits in Support of their Motion to Dismiss, and respectfully demands that this Court

issue an Order denying said Motion to Dismiss with prejudice, and to grant Plaintiff such other

and further relief as to this Court seems just and proper.

Date: March 4, 2019.
New York State, Bronx County.

Respectfully,

By: _Everton Sterling_ *ucc 1-308*
Everton Sterling
General Post 341
Bronx, New York 10469

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Everton Sterling,

          Plaintiff,

    *Standing in propria persona, Sui juris*

      -against-

DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE FOR FEMIT
TRUST 2006-FF6, MORTGAGE PASS
THROUGH CERTIFICATES, SERIES
2006-FF6; MORTGAGE ELECTRONICS
REGISTRATION SYSTEMS, INC.
(MERS). As NOMINEE FOR FIRST
FRANKLIN, A DIVISION OF NAT. CITY
BANK OF IN; NASSAU RECOVERY
INC./HOME FEDERAL SB; STEVEN JAY
BAUM, Reg. # 2092831; STEVEN J.
BAUM P.C.; PILLAR PROCESSING LLC.;
KYLE CLARK DIDONE, Reg. #4549275;
JASON B. DESIDERIO, LARRY TATE
POWELL, Reg. # 4544177; DAVIDSON
FINK LLP; EDMOND JAMES PRYOR,
Reg. # 2310605; LAW OFFICES OF
EDMOND J. PRYOR; SPECIALIZED LOAN
SERVICICING, LLC., SERVICER FOR
DEFENDANT DEUTSCHE BANK; and JOHN
"DOES" and JANE "DOES", 1 through 100.

          Defendant(s).

Case No.19-cv-00205(GBD)(KNF)

March 4, 2019

# MEMORANDUM OF LAW
## AND JUDICIAL NOTICE OF ADJUDICATIVE FACTS
## IN SUPPORT OF PLAINTIFF'S OBJECTION
## TO DEFENDANT(S) MOTION TO DISMISS

    Plaintiff, Everton: Sterling, hereby submits this Memorandum of Law and Judicial Notice of

Adjudicative facts in Support of Plaintiff's Objection to Defendant(s) Motion to Dismiss. Plaintiff

vehemently objects to the Motion to Dismiss that Defendant(s) Attorney Davidson Fink, LLP, filed, as

well as their Exhibits in Support thereof. Plaintiff affirmatively avers that the pleadings contained within the body of the Civil R.I.C.O. Complaint are founded upon valid truth, facts, law and evidence, and are not conjecture, speculation, or theory that Plaintiff concluded from Plaintiff's own belief or opinion. The law and facts thoughtfully ascribed within Plaintiff's pleadings are well documented and indisputable. And to further elucidate the veracity and appropriate application of those thoughtfully ascribed facts and law Plaintiff respectfully proffers this Memoranda for the Court's consideration.

## MANDATORY JUDICIAL NOTICE OF ADJUDICATIVE FACTS

Within the body of the Attorney's Memorandum of Law, they proffer pleadings that have absolutely nothing to do with Plaintiff's pleadings in the Complaint. Plaintiff has pleaded causes of action that are well within the criteria for bringing a Civil R.I.C.O. Complaint before the federal Court, and Plaintiff also relies upon the documented findings of the Department of Justice government oversight publications that graphically discloses the evidence of the financial industry's fraudulent practices that fit the governing principles of a verifiable Civil R.I.C.O Complaint. (*See* Plaintiff's Exhibit "B" in the Plaintiff's Motion to Strike titled "Mortgage Fraud", U.S. Department of Justice Federal Bureau of Investigation Financial Crimes Section Report, page D10).

The findings of Congress in their Financial Crisis Inquiry Commission (FCIC) Report of 2010 is public knowledge, and Plaintiff is relying on those findings and the law granting Plaintiff the right to seek remedy and relief under the Constitution for these United States of America, the Connecticut State Constitution and the relevant case law, statutes and codes that give this Court jurisdiction and authority to provide such remedy and relief as to the Court and jury seems fitting.

The first issue the Defendant(s) Attorney attempts to impose as an affirmative defense in this case is a prior State foreclosure judgment and Bankruptcy case that neither of which apply

to this action for the verifiable causes of action going to fraud in the inducement and fraud in the *factum* that Plaintiff pleaded with specificity within the content of this Civil R.I.C.O. Complaint as far as Defendant(s) FINK is concerned, their actions to enforce the fraudulently induced Mortgage contract in the procurement of a foreclosure judgment makes them liable for their complicit acts to perfect the fraud perpetrated against Plaintiff through fraud upon the Court, so their collusive acts to aid and abet in the procurement of a Void judgment which they are attempting to invoke as a claim preclusion defense, is an indication of their complicit acts in the perpetration of fraud against the Plaintiff.

Plaintiff is certain the Court is aware of the fraud exception rule governing contracts and Court judgments for reconsideration, Set-Aside determinations, Vacatur or Void judgments. Certainly, the Court is fully aware that a Void Judgment can never acquire validity through laches. (Crosby v. Bradstreet, 312, F. 2d 483 [2d Cir.]; 373 U.S. 91; 83 S. Ct. 1300; 10 L. Ed. 2d 412).

Time bar stipulations cannot be imposed where there is proof substantiating the fact that a fraud has been perpetrated against a Party who is damaged by that fraud, and any judgment rendered in light of the fraud being undisclosed and unknown at the time such judgment was made. To invoke and uphold a time bar stipulation when there is evidence of intrinsic fraud in the subject matter of a Claimant's Complaint that culminates in a judgment in favor of the Claimant who perpetrated the fraud, such a judgment can be construed as a Void judgment, so the affirmative defense dispositive averment going to the issue of a time bar stipulation is not applicable to this case and must be denied.

The second dispositive averment Defendant(s) Attorney DAVIDSON FINK, LLP and LARRY TATE POWELL makes that Plaintiff has not made any claim for which relief can be

granted against them is false because said Defendant(s) Attorney is integrally involved the perfection of the fraudulently induced contract through perpetrating fraud upon the Court in the procurement of a Void judgment of foreclosure against Plaintiff.

Plaintiff also hereby makes this Court fully aware that any assertion by any Defendant(s) concerning issues of time bar limitations and *Res Judicata* claim preclusion doctrines are irrelevant, because none of these issues apply to the instant action where those previous foreclosure actions judgments were procured using fraudulent contracts and perpetrating fraud upon the Court. And again, the law governing Void judgment comes into play when addressing this inapplicable dispositive averment of Rooker-Feldman, Younger Abstention and Colorado River Doctrines.

The term "Void Judgment" refers to a legal act or verdict that is clearly mistaken, unfair or improper. A Void Judgment is declared only when the Court, after an examination of the entire cause including the evidence, is of the opinion that it is reasonably probable that a result more favorable to the appealing Party would have been reached in the absence of the error.

Plaintiff hereby brings to this Court's attention that the intrinsic fraud perpetrated by the Defendant(s) against Plaintiff that culminated in a foreclosure judgment against Plaintiff through fraud upon the Court is, for all intents and purposes, a Void Judgment, and this Court must give deliberate consideration to the facts and law unambiguously specified within Plaintiff's verified Civil R.I.C.O Complaint that have established the causes of action giving rise to this action, and why those prior foreclosure judgments are irrelevant to the proceedings and pleadings herein, as they are of no consequence to the subject matter of this Complaint, because the Court rendered those judgments without *in personam* and subject matter jurisdiction, and therefore said

foreclosure judgments must not be given any influential effect in this Court's decisions over this case.

Plaintiff respectfully brings to this Court's attention, and insists the Court take mandatory judicial notice of the following adjudicative facts, to wit:

**"A judgment [that] is characterized as void and may be collaterally attacked at any time where the record itself furnished the facts which establish that the court acted without jurisdiction."** (People v. Byrnes, 34 Ill.App.3d 983, 341 N.E.2d 729 (2nd Dist. 1975). In this case the Defendant(s) did not have Standing to invoke the State Court's jurisdiction, and the State Court therefore acted without subject matter jurisdiction, so the State Court's judgment is Void.

"Judgments entered where court lacked either subject matter or personal jurisdiction, **or that were otherwise entered in violation of due process of law, must be set aside**". (Jaffe and Asher v. Van Brunt, S.D.N.Y.1994. 158 F.R.D. 278. (The DOJ attorneys committed fraud by falsifying the record). Again, the Defendant(s), and each of them, lacked Standing to invoke the Court's jurisdiction using intrinsic fraudulently induced Mortgage contract, and therefore the State Court lacked *in personam* and subject matter jurisdiction over Plaintiff and Plaintiff's property in their fraudulent foreclosure actions because of the intrinsic fraud in the inducement and fraud in the *factum* of the Mortgage contract agreement at the inception of the Mortgage transaction.

**"A 'void' judgment, as we all know, grounds no rights, forms no defense to actions taken thereunder, and is vulnerable to any manner of collateral attack (thus hereby). <u>No statute of limitations or repose runs on its holdings</u>, the matters thought to be settled thereby are not *res judicata*, and years later, when the memories may have grown dim and**

rights long been regarded as vested, any disgruntled litigant may reopen the old wound and once more probe its depths. And it is then as though trial and adjudication had never been." (10/13/58 FRITTS v. KRUGH. SUPREME COURT OF MICHIGAN, 92 N.W.2d 604, 354 Mich. 97). (underline emphasis).

"A void judgment is one that has been procured by intrinsic, extrinsic or collateral fraud, or entered by a Court that did not have jurisdiction over the subject matter or the parties." (Rook v. Rook, 353 S.E. 2d 756).

A "Void order, which is one entered by court which lacks jurisdiction over parties or subject matter, or lacks inherent power to enter judgment, or **order procured by fraud, can be attacked at any time, in any court, either directly or collaterally, provided that party is properly before court". (People ex rel. Brzica v. Village of Lake Barrington, 644 N.E.2d 66 (Ill.App. 2 Dist. 1994). (underline emphasis).** Fraud in the *factum*, and fraud in the inducement, both of which Plaintiff has made lawful claim to be granted relief of from pleading those facts of fraud and the law governing said facts with specificity and corroborating Exhibits in Plaintiff's Civil R.I.C.O Complaint, entitle Plaintiff to the relief being sought in this Court.

Finally, Defendant(s) Attorneys have made issue of the dispositive averment regarding Plaintiff's right to invoke this Court's ability to issue an Order for injunctive relief under the Anti-Injunction Act (AIA). Plaintiff does not pretend to know the intricacies of the law regarding interpretation of legislative statutes, but according to 16 *Am Jur* 2d § 97 it specifies that a law should receive a liberal interpretation in favor of the Citizen...to safeguard the liberty and security of the Citizen in regard to both the person and property. (Byars v. U.S., 273 U.S. 28, at p. 32).

Plaintiff has thoroughly researched the AIA and in light of the fact that the State Court is not doing its due diligence in recognizing and respecting the rights of the Plaintiff and the law and facts governing Plaintiff's lawful claims giving rise to the causes of action expressly and unambiguously specified within this Civil R.I.C.O Complaint, it is Plaintiff's opinion that this Court has the authority to issue an injunction under the AIA's exception clause to "protect or effectuate its judgments" and the judgments of the Courts of these United States of America "to safeguard the liberty and security of the Citizen(s) in regard to both the person and property, per Byars v. U.S. 273, *supra*.

## CONCLUSION

The Court should be fully aware that when a Void Judgment is being attacked to give vigilant and diligent attention and consideration to "protect and effectuate" the judgments of the Court to its most eminently judicious justiciable means. Anything less than the pursuit of full and fair adjudicatory excellence in any Court or duly authorized tribunal, in and of itself, is a violation of law and a deprivation of constitutionally protected rights, so Plaintiff respectfully demands that this Court recognize and uphold its true purpose of its mandate to adhere to the rule of law in its most proficient and practicable manner, and issue an Order denying Defendant(s) Attorney, Heather C. M. Rogers, of Defendant, DAVIDSON FINK, LLP and LARRY TATE POWELL Motion to Dismiss with prejudice.

Date: March 4, 2019.
New York State, Bronx County.

Respectfully,

By: *Everton Sterling* ℓ ℓℓ 1-308
Everton: Sterling
General Post 341
Bronx, New York 10469

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Everton Sterling,

               Plaintiff,

*Standing in propria persona, Sui juris*

          -against-

DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE FOR FEMIT
TRUST 2006-FF6, MORTGAGE PASS
THROUGH CERTIFICATES, SERIES
2006-FF6; MORTGAGE ELECTRONICS
REGISTRATION SYSTEMS, INC.
(MERS). As NOMINEE FOR FIRST
FRANKLIN, A DIVISION OF NAT. CITY
BANK OF IN; NASSAU RECOVERY
INC./HOME FEDERAL SB; STEVEN JAY
BAUM, Reg. # 2092831; STEVEN J.
BAUM P.C.; PILLAR PROCESSING LLC.;
KYLE CLARK DIDONE, Reg. #4549275;
JASON B. DESIDERIO, LARRY TATE
POWELL, Reg. # 4544177; DAVIDSON
FINK LLP; EDMOND JAMES PRYOR,
Reg. # 2310605; LAW OFFICES OF
EDMOND J. PRYOR; SPECIALIZED LOAN
SERVICICING, LLC., SERVICER FOR
DEFENDANT DEUTSCHE BANK; and JOHN
"DOES" and JANE "DOES", 1 through 100.

             Defendant(s).

Case No.19-cv-00205(GBD)(KNF)

March 4, 2019

# AFFIDAVIT
Of Everton: Sterling
IN SUPPORT OF
PLAINTIFF'S OBJECTION IN RESPONSE
TO DEFENDANT(S) MOTION TO DISMISS

NEW YORK STATE           }
                       }ss:
BRONX COUNTY            }

I, Everton: Sterling, hereby verify that I have personal firsthand knowledge of the statements in the foregoing Objection to the Defendant(s) Attorney's Motion to Dismiss my verified Civil R.I.C.O Complaint, I affirm under penalty of perjury that those statements are true and correct to the best of my knowledge and belief, and as to those statements for which I have no personal knowledge, I believe them to be true, so help me God.

Date: March 4, 2019.

Ascribed and Affirmed Before Me This                              Respectfully,
4th day of March, 2019.

_____                                    By: _____
Notary                                                              Everton: Sterling

AMANDAH PASHA
Commissioner of Deeds
City of New York - No. 3-6267
Commission Expires December 1, 20__

## CERTIFICATE OF SERVICE

I, Everton: Sterling, hereby certify that on March 4, 2019, I sent a true and correct copy of the foregoing Objection to Defendant(s) Motion to Dismiss and Memorandum of Law in Support thereof, via first class United States Post Office mail to the following party(s):

1. DEUTSCHE BANK NATIONAL TRUST COMPANY
   AS TRUSTEE FOR FEMIT TRUST 2006-FF6, MORTGAGE
   PASS THROUGH CERTIFICATES, SERIES 2006-FF6
   Michael Edmund Blaine,
   Winston & Strawn LLP (NY)
   200 Park Avenue
   New York, New York 10166

2. MORTGAGE ELECTRONICS REGISTRATION SYSTEMS, INC.,
   (MERS), as "NOMINEE" for Defendant FIRST FRANKLIN,
   A DIVISION OF NAT. CITY BANK OF IN,
   c/o Attorney for Defendant
   Michael Edmund Blaine,
   Winston & Strawn LLP (NY)
   200 Park Avenue
   New York, New York 10166

3. NASSAU RECOVERY INC./HOME FEDERAL SB.,
   Kaufman Dolowich & Voluck LLP
   c/o Anthony Proscia Attorney for Defendant
   60 Broad Street, Suite 3600A
   New York, NY 10004

4. Steven Jay. Baum, Reg. # 2092831
   Kaufman Dolowich & Voluck LLP
   c/o Attorney for Defendant
   60 Broad Street, Suite 3600A
   New York, NY 10004

5. Steven J. Baum, P.C.,
   as an Attorney Law Firm for
   Defendant DEUTSCHE BANK,
   Kaufman Dolowich & Voluck LLP
   c/o Attorney for Defendant
   60 Broad Street, Suite 3600A
   New York, NY 10004


6. Pillar Processing LLC.,
   Holloran & Sage LLP.,
   Attorney for Defendant
   c/o  Joseph G. Fortner , Jr.
   225 Asylum Street,
   Hartford CT. 06103


7. Kyle Clark Didone,
   Kaufman Dolowich & Voluck LLP
   c/o Attorney for Defendant
   60 Broad Street, Suite 3600A
   New York, NY 10004

8. Jason B. Desiderio,
   Kaufman Dolowich & Voluck LLP
   c/o Attorney for Defendant
   60 Broad Street, Suite 3600A
   New York, NY 10004

9. Larry Tate Powell, Reg. # 4544177,
   Davidson, Fink, Cook, Kelly & Galbraith, LLP
   c/o Attorneys for Defendant
   Heather Cm Rogers,
   28 East Main Street, Suite 1700,
   Rochester, New York 14614-1918


10. Davidson Fink LLP,
    Davidson, Fink, Cook, Kelly & Galbraith, LLP
    c/o Attorneys for Defendant
    Heather Cm Rogers,
    28 East Main Street, Suite 1700,
    Rochester, New York 14614-1918

11. Edmond James Pryor,
    c/o Attorneys/referee for Defendant DEUTSCHE BANK
    292 City Island Avenue,
    Bronx, New York 10464-1433

12. Law Offices of Edmond J. Pryor,
    c/o Attorneys/referee for Defendant DEUTSCHE BANK
    292 City Island Avenue,
    Bronx, New York 10464-1433

13. Specialized Loan Servicing LLC.,
    Servicing for Defendant DEUTSCHE BANK
    c/o Capital Services, Inc.,
    8742 Lucent Blvd.
    Littleton Co. 80129

                                        by: *Everton Sterling*
                                             Everton: Sterling