UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Everton Sterling,

    Plaintiff,

*Standing in propria persona, Sui juris*

   -against-

DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE FOR FEMIT
TRUST 2006-FF6, MORTGAGE PASS
THROUGH CERTIFICATES, SERIES
2006-FF6; MORTGAGE ELECTRONICS
REGISTRATION SYSTEMS, INC.
(MERS). As NOMINEE FOR FIRST
FRANKLIN, A DIVISION OF NAT. CITY
BANK OF IN; NASSAU RECOVERY
INC./HOME FEDERAL SB; STEVEN JAY
BAUM, Reg. # 2092831; STEVEN J.
BAUM P.C.; PILLAR PROCESSING LLC.;
KYLE CLARK DIDONE, Reg. #4549275;
JASON B. DESIDERIO, LARRY TATE
POWELL, Reg. # 4544177; DAVIDSON
FINK LLP; EDMOND JAMES PRYOR,
Reg. # 2310605; LAW OFFICES OF
EDMOND J. PRYOR; SPECIALIZED LOAN
SERVICICING, LLC., SERVICER FOR
DEFENDANT DEUTSCHE BANK; and JOHN
"DOES" and JANE "DOES", 1 through 100.
    Defendant(s).

Case No.19-cv-00205(GBD)(KNF)

May 30, 2019

**MEMORANDUM OF LAW
IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANT(S) ATTORNEY
MOTION TO DISMISS PER FRCP RULE 12(f)
AND TO JOIN THIS MOTION WITH PLAINTIFF'S OBJECTION IN RESPONSE TO
<u>DEFENDANT(S) MOTION TO DISMISS PER FRCP RULE 12(g)(1)</u>**

INTRODUCTION

In support of their Motion to Dismiss, the Defendant(s) Attorneys, KAUFMAN DOLOWICH & VOLUCH, LLP, Memorandum of Law in Support of Defendant's Motion to Dismiss, and Attorney Anthony J. Proscia, Esq's Declaration in Support of Defendant's Motion to Dismiss Plaintiff's Civil R.I.C.O. Complaint, improperly relies upon a number of claim preclusion pleadings from outside Plaintiff's verified Civil R.I.C.O. Complaint that have absolutely nothing to do with the subject matter or causes of action of Plaintiff's Complaint, and TESTIMONY proffered to this Court from the Defendant(s) Attorneys that is insufficient for a judgment of dismissal or Summary Judgment pursuant to *Trinsey, supra.*

The claim preclusion affirmative defenses that Defendant(s) Attorney attempts to invoke in this case are not applicable to constitutional provisions for redress of grievances simply because Plaintiff was not a permissible Party to those predicate foreclosure cases, and even if he was, the judgment in the foreclosure action was procured by the Defendant(s) BAUM by perpetrating fraud upon the Court, which clearly was a standard operating business practice for Defendant(s) BAUM, as established from the investigative actions and findings of the U.S. Attorney and New York State Attorney General, respectively.

Plaintiff has cited precedent case law decisions conferring protections against Void Judgments procured by fraud upon the Court, because Defendant(s) BAUM have been known and proven to be guilty of perpetrating fraudulent foreclosure actions against homeowners in the State Courts. But, Plaintiff vehemently reiterates that this action is not a re-litigation of any State Court or Bankruptcy Court case. This case is independent and separate from any foreclosure issue. This case is strictly concerning the falsely inflated and fraudulently induced Mortgage agreement that goes to the heart of Plaintiff's equitable claims to being defrauded of money he was not lawfully obligated to pay to any purported Party-in-Interest.

Plaintiff respectfully expects this Court to recognize and uphold the legislated statutory provisions of civil procedure guaranteeing Plaintiff's right to bring an action under Civil R.I.C.O. among other points of law and authorities which Plaintiff will further elucidate upon herein. Plaintiff respectfully reminds this Court that in deciding a Motion to Dismiss the Court must "accept all factual allegations in the complaint as true," (Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 127 S. Ct. 2499, 2509 (2007)).

Defendant(s) BAUM and their Attorneys nevertheless, rely on the fraudulently procured foreclosure judgments obtained by Defendant(s), and each of them, using unconscionable fraudulently induced Mortgage contract(s) that were sold to Plaintiff with inflated "Loan to Value Ratio" misrepresentations as an affirmative defense against Plaintiff's verified Civil R.I.C.O. Complaint and time bar limitations that are inapplicable because the elements of the fraudulent misrepresentations are ongoing and continuous an therefore subject to the exclusions of time bar limitations pursuant to the Continuing Violations Doctrine.

Defendant STEVEN J. BAUM, P.C., STEVEN J. BAUM, KYLE CLARK DIDONE AND JASON B. DESIDERIO's was a complicit participant with Defendant BAUM in the procurement of the foreclosure judgment rendered by the State Court because Defendant PILLAR PROCESSING, did the Assignment of the Mortgage to Defendant DUETSCHE BANK, which constitutes as one predicate act of their integral involvement in the ongoing and continuous fraud under R.I.C.O.

The Mortgage transaction which Plaintiff equitable interest exists with; the Original Lender, FIRST FRANKLIN, and its purported "nominee", MERS, had been actuated through fraud in the inducement and fraud in the *factum* of that Mortgage transaction, which has ultimately culminated in the unconscionable fraudulent conversion of Plaintiff's Security Instruments that were collateralized by the Plaintiff's property.

The Down Payment, fees, closing costs was funded by Plaintiff, and Plaintiff was at the closing. Plaintiff emphatically avers without doubt or contradiction to the be present at the actual closing or the mortgage transaction and Howard White was also led to believed that said Mortgage Loan transaction was indeed funded by the original lender, FIRST FRANLKLIN. Howard White and myself was given the impression and belief that the Mortgage Loan transaction was going to be a negotiable instrument contract governed under provisions of law codified in Article 3 of the Uniform Commercial Code (UCC). Which in actuality was not.

Plaintiff was induced by the purported Original Lender, FIRST FRANLKLIN to believe that the Mortgage Loan transaction was an ordinary loan agreement governed under the provisions of law for Negotiable Instruments (UCC Article 3), and that the Promissory Note was and will remain being an Article 3 Negotiable Instrument under the UCC. Appellant on or about May 8, 2006, immediately after the purported Mortgage transaction occurred, FIRST FRANKLIN separated the Mortgage from the Promissory Note.

The Mortgage was given to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS), and the Promissory Note was monetized, securitized and transferred or sold without Plaintiff's knowledge and consent to DEUTSCHE BANK TRUST COMPANY AS TRUSTEE FOR FFMLT COMPANY 2006-FF6, MORTGAGE-PASS THROUGH CERTIFICATES, SERIES 200-FF6 with a Closing Date of July 28, 2008.

The Plaintiff's Mortgage was never transferred.

There is no record of transfer of the Promissory Note to Defendant DEUTSCHE BANK either through assignment or by sale.

The obligation (Mortgage) and the Security (Promissory Note) are commonly drafted as separate documents. When the Creditor transfers the Mortgage without the Note accompanying it the transferee has no meaningful rights except the possibility of legal action to compel the transferor to transfer the Note as well, if such was the agreement. (Kelley v. Upshaw, 29 C. 2d 179, 246; P. 2d 23).

Nevertheless, it is fatally academic whether the Original Lender, FIRST FRANKLIN or Defendant DEUTSCHE BANK can substantiate or validate whether the Mortgage and Note was properly transferred, assigned or sold between them because the true substance and intent of the Mortgage transaction was fraudulent at its inception and there were no definitive recordings of Assignments from the purported FIRST FRANKLIN in the County Clerk's Office for the City of New York Register/Bronx County.

On July 28, 2008, Defendant PILLAR PROCESSING created and recorded a falsely uttered, forged, falsely acknowledge instrument titled "Assignment of Mortgage" in the Bronx County Clerk's Office, which represents that MERS was the assignor, at all relevant times MERS has no economical beneficial interest in the loan as MERS itself admitted (Citing Mortgage Electronic Registration Systems, Inc. v. Nebraska Department of Banking & Finance, 704 N.W.2d 784, 788 (Neb. 2005) from the Supreme Court of Nebraska.

The Bronx County Clerk listed Defendant PILLAR PROCESSING as a subsidiary of the Defendant BAUM's Firm, and Defendant PILLAR PROCESSING who requested the return of the Instrument titled "Assignment of Mortgage". A true and correct copy of the instrument titled "Assignment of Mortgage" that was recorded by the Bronx County Clerk on July 28, 2008. (*See*

Exhibit "A", "Assignment of Mortgage" from Defendant PILLAR PROCESSING in Motion to Strike).

Plaintiff has reason to believe that Defendant STEVEN J. BAUM, P.C., STEVEN J. BAUM, KYLE CLARK DIDONE AND JASON B. DESIDERIO's, PILLAR PROCESSING was very involved with the day to day operations of Defendant BAUM, because the business address of Defendant PILLAR PROCESSING is the same as DEFENDANT STEVEN J. BAUM, P.C., STEVEN J. BAUM, KYLE CLARK DIDONE AND JASON B. DESIDERIO's, so Plaintiff affirmatively avers that all acts which Defendant STEVEN J. BAUM, P.C., STEVEN J. BAUM, KYLE CLARK DIDONE AND JASON B. DESIDERIO's was integrally involved in with Plaintiff's equitable property interest were mutually engaged upon by both of these Defendants at all times relevant to the ongoing and continuous perpetration and perpetuation of the misrepresentation of the true Loan-to-Ratio Value of the subject property.

Therefore, Defendants STEVEN J. BAUM, P.C., STEVEN J. BAUM, KYLE CLARK DIDONE AND JASON B. DESIDERIO's, PILLAR PROCESSING is qualifiedly complicit as a perpetrator and perpetrator of the ongoing and continuous perfecting of the fraud the Original Lender initiated because they also processed the Assignment of Mortgage attached to the subject property of this Complaint, and that would constitute another predicate act under R.I.C.O.

On or about June 7, 2011, the Appellate Division, Second Department issued an order and opinion in <u>Bank of N.Y. v Silverberg</u>, 2011 NY Slip Op 05002 [86 AD3d 274] which clarified the absolute truth as it pertains to MERS' interest (or lack thereof) in "mortgage loans" wherein MERS is designated the "mortgagee" acting as a "nominee" within a security instrument, by stating in relevant part that:

> "In sum, because MERS was never the lawful holder or assignee of the notes described and identified in the consolidation agreement, the corrected assignment of mortgage is a nullity, and MERS was without authority to assign the power to

foreclose to the plaintiff. Consequently, the plaintiff failed to show that it had standing to foreclose."

A true and correct copy of the June 7, 2011 order and opinion entered in <u>Bank of N.Y. v Silverberg</u>, 2011 NY Slip Op 05002 [86 AD3d 274].

On October 6, 2011, the United States of America through the U.S. Attorney for the Southern District of New York entered into a settlement agreement with the Baum Firm and its subsidiary Pillar for violations of the Financial Institutions Reform Recovery, and Enforcement Act of 1989, 12 U.S.C. 1833a ("FIRREA") for the Baum Firm and Pillar's improper initiating and pursuing foreclosure proceedings in the State of New York knowingly or recklessly filing misleading pleadings, affidavits, and instruments titled "assignment of mortgage" (hereby referred to as the "DOJ – Baum Firm / Pillar Settlement"). A true and correct copy of the DOJ – Baum Firm / Pillar Settlement is filed in Plaintiff original filing.

The foreclosure judgment rendered in the State Court was procured using an unenforceable Mortgage contract and therefore said judgment is Void and of no effect, and their assertion of any claim preclusion based upon a prior foreclosure judgment that Plaintiff was not a permissible Party in is inapplicable to Plaintiff for purposes of *Res Judicata*, Collateral Estoppel and time bar limitations, because said judgment was procured by fraud upon the Court which, for all intents and purposes, for all the reasons stated herein, is Void on its face as a matter of law.

Plaintiff hereby asserts the Doctrine of Equitable Estoppel to the Defendant(s) interpolation of foreclosure judgments that have nothing to do with Plaintiff. Under the Doctrine of Equitable Estoppel it provides for preventing one Party from taking unfair advantage of another when, through false language or conduct, the person being estopped has induced the

other Party to act in a certain way, which resulted in the induced Party being injured in some way.

Plaintiff is sure the Court is aware that under the law of Equitable Estoppel, when self-authenticating evidence is proffered to the Court countermanding an unverifiable claim, such self-authenticating evidence precludes an unverified claimant from filing for equitable relief.

Defendant(s) Attorney's attempt to challenge and deflect the validity of the factual and verifiable allegations of Plaintiff's Complaint using prior foreclosure judgments procured by fraud upon the Court, so as to invoke time bar limitation stipulations and *Res Judicata* claim preclusion doctrines against the Plaintiff's lawful claims in this case is unethical to say the least.

As an Officer of the Court who has taken an Oath to uphold the Constitutions for these United States of America and the State of New York, once Defendant(s) Attorney was made fully aware of Plaintiff's lawful assertions in the pleadings of this verified Civil R.I.C.O. Complaint, he has a duty to confirm the validity of Plaintiff's lawful claims in accordance with the ethics of the Code of Professional Responsibility and Conduct and the Oath he made to the Constitution for these United States of America and the State of New York, and act accordingly to uphold the laws he is duty bound to respect in order to maintain the integrity of the Court and the rule of law.

**While the Defendant(s) Attorney's Motion to Dismiss may certainly argue competing inferences of prior foreclosure cases, those inferences must be "rationally drawn from the facts alleged," within Plaintiff's Complaint, not from outside prior cases and other immaterial facts attempting to draw similarities in order to invoke the Court to impose time bar stipulations not relevant to Plaintiff's claim of fraud.** (Tellabs, Inc. v. Makor Issues & Rights, Ltd., id. at 2510).

Plaintiff's verified Civil R.I.C.O. Complaint alleges facts that the purported Original Lender(s) made a number of false and misleading statements concerning the true "Loan to Value Ratio" of the Plaintiff's property(s).

The Complaint contains several factual documentation Exhibits which support Plaintiffs' claims that corroborate the factual allegations concerning the pattern and practices the purported Original Lender and the Defendant(s) have benefitted from the perpetration of fraud through fraudulent inducement of the Mortgage contracts at its inception and fraud upon the Court using those fraudulently induced contracts to procure judgments against Plaintiff in the State Court that are Void as a matter of law.

Plaintiff has clearly and unequivocally pleaded a plausible, competent and *prima facie* Complaint that the Defendant(s), and each of them, had knowledge or reckless disregard of the financial industry's corrupt enterprise perpetrated against Plaintiff and the American People as a whole, which Plaintiff has cogently gleaned from the Financial Crisis Inquiry Commission's Report of 2010 (FCIC) that Congress convened as a result of the financial crisis of 2008.

In the face of a long line of governmental authority investigations and the governmental authorities then publishing their findings in the Public Record as a matter of law, the government has unequivocally revealed the scourge of the financial industry's egregious violations of law in their perpetration of fraud upon the American People, and it is not Plaintiff's theory, belief or conjecture that it is improper for the proponents of the financial industry to do so, or that Plaintiff is not entitled to seek damages from their unscrupulous corrupt business enterprise, which Defendant(s) Attorney is unethically making pleadings to this Court to disallow granting to Plaintiff through claim preclusion dispositive averments.

STANDARD UNDER RULE 12(b)(6)

As the Supreme Court stated in *Tellabs*, in deciding a Rule 12(b)(6) motion, Courts may consider "the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) Motions to Dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." (*Tellabs*, 127 S. Ct. at 2509).

Aside from the sources named in *Tellabs*, in the Second Circuit the "other sources" ordinarily considered with a Rule 12(b)(6) Motion to Dismiss are limited to "legally required public disclosure documents filed with the SEC, and documents possessed by or known to the plaintiff and upon which it relied on bringing the suit." (ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007)).

For documents to be considered integral to the complaint and permitted to be relied on by Defendants in a Rule 12(b)(6) Motion to Dismiss, plaintiffs must have relied on "'the terms and effect of [the] document in drafting the complaint.'" (Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 156 (2d Cir. 2006)).

It is obvious from the Defendant(s) Attorney's pleadings in his Motion to Dismiss that he did not take into consideration the "terms and effect of the document" Plaintiff used "in drafting the complaint". Plaintiff used the official data read out from The New York City Department of Finance's Notice of Property Value Report and The Final Assessment Roll for Taxable Status Date January 5, 2006, (See Exhibit "2 and "2A", filed in Plaintiff original complaint) Assessors Office, Assessor's Appraisal for the years in which Plaintiff purchased the property. Defendant(s) Attorney never even mentioned those documents in his Motion to Dismiss. So, Defendant(s) Attorney is not being honest about his dispositive averments having any relation to prior foreclosure actions because those actions have absolutely nothing to do with the material

facts and subject matter concerning the documents Plaintiff used for the drafting of this Complaint.

The Defendants have not proffered any Sworn Affidavits attested to under the pains of penalty of perjury/Power of Attorney's to rebut Plaintiff verifiable claims, and cannot utilized an Attorney who has no first-hand knowledge of the facts and in clear violations of Trinsay v. Paglario Supra.

The outside documents of State Court foreclosure actions relied on by Defendant(s) Attorney in the Memorandum of Law in Support of their Motion to Dismiss do not fall into the purview of relevant subject matter which even remotely applies to this case. In fact, Defendant(s) Attorney does not even request that the Court take judicial notice of those outside documents which would be subject to reasonable dispute by the Plaintiff pursuant to Federal Rules of Evidence (FRE) 201.

Federal Rule of Evidence 201 provides that judicial notice of adjudicative facts can only be taken if the facts are "not subject to reasonable dispute." (Fed. R. Evid. 201. The facts must be: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." (*Id.*; *see* Hennessy v. Penril Datacomm Networks, 69 F.3d 1344, 1354 (7th Cir. 1995) ("In order for a fact to be judicially noticed, indisputability is a prerequisite.").

Moreover, adjudicative facts are "'facts about the parties and their activities, businesses, and properties,' as distinguished from 'general facts which help the tribunal decide questions of law and policy and discretion.'" (Langevin v. Chenango Court, Inc., 447 F.2d 296, 300 (2d Cir. 1971)).

The Court may also rely on documents which Plaintiff makes available for the Court to take judicial notice of, particularly from which the Plaintiff has obtained from the Department of

Justice official website concerning the FBI's investigation of Mortgage Fraud. (*See* Exhibit "B", Department of Justice Federal Bureau of Investigation's Financial Crimes Report on Mortgage Fraud, p. D10)

Should the Court permit the Defendants to submit outside materials, other than those described above, the Defendant(s) motion should be reviewed as a motion for Summary Judgment, and Plaintiff should be permitted to take discovery prior to opposing the motion. (Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

As the Second Circuit determined in Chambers v. Time Warner, Inc., 282 F.3d 147 (2d Cir. 2002), "[t]he court could have excluded the extrinsic documents (in this case, *i.e.* foreclosure judgments and State Court Docket Sheets). Because it elected not to do so, however, the Court was obligated to convert the motion to one for summary judgment and give the parties an opportunity to conduct appropriate discovery and submit the additional supporting material contemplated by Rule 56." (*See* Global Network Communications Inc. v. City of New York, 458 F.3d at 155 ("[T]he requirement expressly addresses and solves the major problem that arises when a court considers matters extraneous to a complaint, namely, the lack of notice to the plaintiff that outside matters would be examined. It deters trial courts from engaging in fact finding when ruling on a motion to dismiss and ensures that when a trial judge considers evidence [outside] the complaint, a plaintiff will have an opportunity to contest defendant's relied-upon evidence by submitting material that controverts it."). Otherwise, Defendants' Motion to Dismiss should be limited to only those materials clearly within the pleadings.

Plaintiff has already submitted self-authenticated evidence in the instant action from The New York City Department of Finance's Notice of Property Value Report and The Final Assessment Roll for Taxable Status Date January 5, 2006, (See Exhibit "2 and "2A", filed in Plaintiff original complaint) Assessor's Office that verifiably substantiates the facts giving rise to Plaintiff's Complaint, and that self-authenticated evidence submitted by Plaintiff to this Court clearly controverts the Defendant(s) Attorney's relied upon evidence of prior foreclosure judgments which has absolutely nothing to do with the subject matter presently before this Court.

## DEFENDANT'S SUBMISSION OF STATE COURT FORECLOSURE DOCUMENTS SHOULD BE STRICKEN

The Defendant(s) Motion to Dismiss relies on judgments of prior State Court foreclosure cases that are not mentioned in the Plaintiff's Complaint, not relied on by Plaintiff in drafting the Complaint, and are not otherwise proper for judicial notice. Defendant(s) Attorney's failure to file a proper request for judicial notice, alone, is enough to prevent the Court from taking judicial notice of the extraneous materials here. (Atlas v. Accredited Home Lenders Holding Co., 556 F. Supp. 2d at 1161 n.7 [2008], "these documents, which are neither referenced in Plaintiff's complaint nor the subject of a proper request for judicial notice, may not be considered on a motion to dismiss").

The fact that the Defendant(s) are attempting to invoke State Court judgments as an affirmative defense without making mention of the alleged fraud pleaded with specificity within Plaintiff's Complaint defeats any attempt to have the content of the prior foreclosure judgments judicially noticed by this Court, as "the contents quite plainly are 'subject to reasonable dispute,' and are therefore inappropriate for judicial notice." (Astea Int'l Inc. Sec. Litig., CA No. 06-1467, [2007] U.S. Dist. LEXIS 58238, at *25, which stipulates that the Court may consider only documents on which "the Plaintiff's claims are based.").

In the clearly established case law of <u>Stratechuk v. Board of Education</u>, (No. 05-4703, [2006] U.S. App. LEXIS 24907, *6 (3d Cir.) the Court ruled that a "prerequisite to consideration of [a] document as a part of a Motion to Dismiss is that the Plaintiff's claim relies on that document." The Appellate Court's holding in that ruling was that the District Court erred when it considered the "official policy" of the Board of Education in deciding on the Motion to Dismiss, in part because the Plaintiff had expressly argued his allegations were based on a different, more restrictive policy described in his Complaint. Plaintiff affirmatively avers that as in <u>*Stratechuk*</u>, the claims being made in Plaintiff's verified Civil R.I.C.O Complaint are based on different, more relevant material facts to the causes of action as described within said Complaint.

Defendant(s) Attorney proposes unrelated competing facts of claim preclusion against Plaintiff's Complaint to support their Motion to Dismiss. Such unrelated competing facts are impertinent, immaterial and scandalous matter per FRCP Rule 12(f). Plaintiff therefore moves this Court for an Order striking the scandalous, immaterial and impertinent claims made by Defendant(s) Attorney in his Motion to Dismiss and corresponding Memorandum of Law in Support thereof with prejudice, and to join this Motion to Strike with Plaintiff's Objection in Response to said Defendant(s) Motion to Dismiss per FRCP Rule 12(g)(1). Should this Court choose to consider any irrelevant, unrelated claims and Exhibits improperly relied on by Defendant(s) in their Motion to Dismiss, then said Motion should be converted into a Motion for Summary Judgment, and Plaintiff should be provided an opportunity to conduct discovery and present evidence of their own pursuant to Fed. R. Civ. P. 12(d).

Date: May 30, 2019.
New York, Bronx County.

Respectfully,

By: *[signature]*
Everton Sterling