

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
EVERTON STERLING,                          :

          Plaintiff,               :

       v.                                          :

DEUTSCHE BANK NATIONAL TRUST  :
COMPANY AS TRUSTEE FOR FEMIT
TRUST 2006-FF6, et al.,                    :

          Defendants.            :
------------------------------------------------------X

**REPORT AND RECOMMENDATION**

19-CV-205 (GBD) (KNF)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE GEORGE B. DANIELS, UNITED STATES DISTRICT JUDGE

On January 29, 2019, the Court directed defendants Larry Tate Powell and Davidson Fink LLP ("Powell and DF") to file their motion to dismiss, on or before February 8, 2019. See Docket Entry No. 7. On February 7, 2019, Powell and DF's filing of their motion to dismiss was rejected and the motion terminated by the court's Case Management/Electronic Case Filing ("ECF") system for "FILING ERROR – DEFICIENT DOCKET ENTRY." Docket Entry No. 8. On February 15, 2019, Powell and DF filed a document styled "AMENDED NOTICE OF MOTION TO DISMISS." On February 20, 2019, Powell and DF filed their "MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS." Docket Entry No. 21. The plaintiff, proceeding pro se, filed his: (i) motion to strike Powell and DF's motion to dismiss, Docket Entry No. 23; (ii) memorandum of law in support of the motion, Docket Entry No. 24, and (iii) opposition to Powell and DF's motion to dismiss, Docket Entry No. 27, asserting, inter alia, Powell and DF's motion was "long overdue." On March 18, 2019, Powell

1

and DF filed their memorandum of law in support of the motion, Docket Entry No. 53, and an affirmation by their attorney in support of their motion, Docket Entry No. 54.

Powell and DF failed to comply with the Court's January 29, 2019 order because they did not file their motion, as directed, on or before February 8, 2019. Filing and receiving users of the court's ECF system have a duty "to regularly review the docket sheet of the case." Rule 9.1 of this court's ECF Rules & Instructions. When their motion was rejected on February 7, 2019, Powell and DF still had time to comply with the Court's January 29, 2019 order or to seek an extension of time to comply, pursuant to Fed. R. Civ. P. 6(b). They failed to do so. Instead, without seeking and obtaining authorization from the Court or providing any explanation for their failure to comply with the Court-ordered deadline, Powell and DF filed an amended notice of motion, on February 15, 2019, more than one week after their motion was terminated by the ECF system. Their unauthorized amended notice of motion was not accompanied by a memorandum of law and supporting affidavits and exhibits, as required by Local Civil Rule 7.1 of this court. Five days after filing their unauthorized amended notice of motion, on February 20, 2019, Powell and DF filed their memorandum of law, to which numerous exhibits were attached, improperly. It was not until March 18, 2019, fifteen days after the plaintiff filed his motion to strike and opposed the motion to dismiss and more than one month after the filing of the amended notice of motion, that Powell and DF filed their: (1) counsel's affirmation in support of the motion, in violation of Fed. R. Civ. P. 6(b)(2); and (2) memorandum of law, previously filed on February 20, 2019. Powell and DF did not reply to the plaintiff's opposition to their motion, including his assertion of the motion's untimeliness or respond to his motion to strike.

> "Filing deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if

2

the concept of a filing deadline is to have any content, the deadline must be enforced. 'Any less rigid standard would risk encouraging a lax attitude toward filing dates,' *United States v. Boyle,* 469 U.S. [241,] 249 [105 S. Ct. 687, 691-692, 83 L.Ed.2d 622] [ (1985) ]. A filing deadline cannot be complied with, substantially or otherwise, by filing late-even by one day."

Houston v. Lack, 487 U.S. 266, 282, 108 S. Ct. 2379, 2388 (1988).

The Court finds that Powell and DF failed to comply with the January 19, 2019 order directing that their motion to dismiss be filed on or before February 8, 2019, without: (i) providing any reason for their failure; (ii) seeking and obtaining an extension of time to file their motion; and (iii) seeking and obtaining authorization for their belated and improper filings. Accordingly, denying Powell's and DF's motion, with prejudice, is warranted.

## RECOMMENDATION

For the foregoing reasons, I recommend that Powell and DF's motion to dismiss, Docket Entry No. 14, be denied, with prejudice.

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable George B. Daniels, 500 Pearl Street, Room 1310, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 425, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Daniels. ***Failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review.*** See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v.

Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York        Respectfully submitted,
       August 7, 2019

       Copy mailed to:

       Everton Sterling

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

*evertonsterling.rr*

4