**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

EVERTON STERLING,

                         Plaintiff,

            -against-

DEUTSCHE BANK NATIONAL TRUST COMPANY
AS TRUSTEE FOR FEMIT TRUST 2006-FF6,
MORTGAGE PASS THROUGH CERTIFICATES,
SERIES 2006-F6; MORTGAGE ELECTRONICS
REGISTRATION SYSTEMS, INC. (MERS), *as*
*Nominee for First Franklin, a Division of Nat. City Bank*
*of IN*; NASSAU RECOVERY INC./HOME FEDERAL
SB; STEVEN JAY BAUM, *Reg. #2092831*; STEVEN J.
BAUM P.C.; PILLAR PROCESSING LLC.; KYLE
CLARK DIDONE, *Reg. #4549275*; JASON B.
DESIDERIO; LARRY TATE POWELL, *Reg. #4544177*;
DAVIDSON FINK LLP; EDMOND JAMES PRYOR,
*Reg. #2310605*; LAW OFFICES OF EDMOND J.
PRYOR; SPECIALIZED LOAN SERVICING, LLC.,
*Servicer for Defendant Deutsche Bank*; and JOHN
"DOES" AND JANE "DOES" *1 through 100*,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED SEP 0 5 2019

MEMORANDUM DECISION
AND ORDER

19 Civ. 205 (GBD) (KNF)

GEORGE B. DANIELS, United States District Judge:

     *Pro se* Plaintiff Everton Sterling commenced this action on January 8, 2019, alleging that

Defendants fraudulently misrepresented the value of real property in which he has an interest,

located at 726 East 219 Street, Bronx, New York 10467. (Compl., ECF No. 1.) Subsequently, on

February 20, 2019, Plaintiff filed a "motion to claim and exercise constitutionally secured rights

and require the presiding judge to rule upon this motion, all public officers of this court to uphold

said rights." (Motion, ECF No. 22.)

     Before this Court is Magistrate Judge Kevin Nathaniel Fox's August 7, 2019 Report and

Recommendation (the "Report"), recommending that Plaintiff's motion be denied. (Report, ECF

No. 93, at 2.) Magistrate Judge Fox advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.*) Plaintiff filed timely objections. (Not. of Obj. and Opp'n to U.S. Magistrate Judge Kevin Nathaniel Fox's R&R (Doc. # 93) ("Not."), ECF No. 96; Mem. of Law in Supp. of Obj. and Opp'n to U.S. Magistrate Judge Kevin Nathaniel Fox's R&R (Doc. # 93) ("Mem."), ECF No. 97; Affirmation in Supp. of Pl.'s Not. of Obj. and Opp'n to U.S. Magistrate Judge Kevin Nathaniel Fox's R&R (Doc. # 93) ("Affirmation"), ECF No. 98.)

Having reviewed Magistrate Judge Fox's Report and the objections, this Court ADOPTS the Report in full and overrules Plaintiff's objections. Accordingly, Plaintiff's motion is DENIED.

## I.   LEGAL STANDARD

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* The court, however, need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Rather, it is sufficient that the court "arrive at its own, independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). The clear error standard also applies if a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). Clear error is present when "upon

review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

## II. PLAINTIFF'S MOTION IS DENIED

Magistrate Judge Fox appropriately found that Plaintiff's motion should be denied, given Plaintiff's failure to comply with Local Civil Rule 7.1, which sets forth the requirements for all motions, and his failure to articulate any legal basis for his motion. In his motion, Plaintiff requests this Court to "acknowledge and act in accordance with," "honor, uphold and abide," "respect," and "protect" various court "ruling[s]," "oaths," "due process of law," and Plaintiff's "inherent Rights." (Motion at 2–3). Plaintiff also requests this Court to "provide" "due process of law" and "equal protection of law" "as required by the national and state Constitutions." (*Id.*) Aside from vague requests to "claim and exercise constitutionally secured rights," (*id.* at 1), and general references to the Constitution, (*see id.* at 2), Plaintiff's motion articulates neither what precise relief, if any, Plaintiff is seeking nor any valid legal basis for his motion. Thus, as Magistrate Judge Fox correctly found, the motion is "baseless and frivolous." (Report at 1.)

Plaintiff's objections to the Report are unavailing. Plaintiff argues that Magistrate Judge Fox's recommendation to deny the motion "is an act depriving Plaintiff's Rights that opposes and violates the Constitution" and that it "encourag[es] the Court to violate the Constitution and their Oath to honor and uphold the same document by denying the Plaintiff's rights secured therein." (Mem. at 2.) He argues that "the Constitution and the laws of the United States is the Supreme Law of the land" and that "[n]o rule or legislation"—including this Court's Local Rules—"can supersede the Supreme Law of the land." (Not. at 3.) Contrary to Plaintiff's assertions, "this Court has the authority to deny a motion that is not filed in accordance with Local Rule 7.1." *Toner v. United Bhd. of Carpenters*, No. 96 Civ. 23 (SHS), 1999 WL 178784, at \*1

(S.D.N.Y. Mar. 31, 1999). Local Civil Rule 7.1 expressly requires parties filing a motion to include (1) a notice of motion or order to show cause signed by the Court, specifying "the applicable rules or statutes pursuant to which the motion is brought" and the "relief sought by the motion"; (2) a memorandum of law setting forth the legal authority relied upon in support of the motion; and (3) any supporting affidavits and exhibits as necessary. Local Civ. R. 7.1. Plaintiff did none of that here. "The effect of [Plaintiff's] failure to observe [Local Civil Rule 7.1] is to 'unfair[ly] and unreasonabl[y] shift the burden of articulating [Plaintiff's] arguments . . . to the court." *Toner*, 1999 WL 178784, at \*1 (third and fourth alterations in original) (citations omitted). As such, denial of his motion is warranted.

Plaintiff also claims that Magistrate Judge Fox did not rule on his motion in a timely manner because he "unjustly" issued the Report "five (5) months and fifteen (15) days" after Plaintiff filed the motion. (Mem. at 1.) This objection is perfunctory, and it was not clearly erroneous for Magistrate Judge Fox to have issued the Report when he did.

## III.   CONCLUSION

Magistrate Judge Fox's Report is ADOPTED. Plaintiff's motion is DENIED. The Clerk of Court is directed to mail a copy of this memorandum decision and order to Plaintiff.

Dated: New York, New York
September 5, 2019

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

4