UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

EVERTON STERLING,

                              Plaintiff,

          -against-

DEUTSCHE BANK NATIONAL TRUST COMPANY
AS TRUSTEE FOR FEMIT TRUST 2006-FF6,
MORTGAGE PASS THROUGH CERTIFICATES,
SERIES 2006-F6; MORTGAGE ELECTRONICS
REGISTRATION SYSTEMS, INC. (MERS), *as
Nominee for First Franklin, a Division of Nat. City Bank
of IN*; NASSAU RECOVERY INC./HOME FEDERAL
SB; STEVEN JAY BAUM, *Reg. #2092831*; STEVEN J.
BAUM P.C.; PILLAR PROCESSING LLC.; KYLE
CLARK DIDONE, *Reg. #4549275*; JASON B.
DESIDERIO; LARRY TATE POWELL, *Reg. #4544177*;
DAVIDSON FINK LLP; EDMOND JAMES PRYOR,
*Reg. #2310605*; LAW OFFICES OF EDMOND J.
PRYOR; SPECIALIZED LOAN SERVICING, LLC.,
*Servicer for Defendant Deutsche Bank*; and JOHN
"DOES" AND JANE "DOES" *1 through 100*,

                              Defendants.

------------------------------------x

MEMORANDUM DECISION
AND ORDER

19 Civ. 205 (GBD) (KNF)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 0 5 2019

GEORGE B. DANIELS, United States District Judge:

    *Pro se* Plaintiff Everton Sterling brings this action alleging that the above named Defendants fraudulently misrepresented the value of real property in which he has an interest, located at 726 East 219 Street, Bronx, New York 10467. (Compl., ECF No. 1.) Defendants Davidson Fink LLP ("Davidson Fink") and Larry Tate Powell (collectively, "Defendants") move to dismiss Plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Am. Not. of Mot. to Dismiss, ECF No. 14.)

    Before this Court is Magistrate Judge Kevin Nathaniel Fox's August 7, 2019 Report and Recommendation (the "Report"), recommending that Defendants' motion to dismiss be denied

with prejudice. (Report, ECF No. 92, at 3.) Magistrate Judge Fox advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.*) No objections have been filed. Having reviewed the Report for clear error and finding none, this court ADOPTS the Report and denies Defendants' motion to dismiss.

## I. LEGAL STANDARD

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). A magistrate judge's report to which no objections are made is reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). "In clear error review, a court should reverse a finding only if it is 'left with the definite and firm conviction that a mistake has been committed,' and not merely if it 'would have decided the case differently.'" *Hernandez v. City of New York*, No. 11 Civ. 6644 (KPF) (DF), 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

## II. THE MOTION TO DISMISS IS DENIED AS UNTIMELY.

On January 28, 2019, Defendants wrote a letter to Magistrate Judge Fox, advising him that they intended to file a motion to dismiss Plaintiff's complaint. (Defs.' Letter dated Jan. 28, 2019, ECF No. 6.) Magistrate Judge Fox thus ordered Defendants to file any motion to dismiss by February 8, 2019. (Memo Endorsement dated Jan. 29, 2019, ECF No. 7.) On February 7, 2019, Defendants filed their motion on the Case Management/Electronic Case Files system, but it was rejected and terminated due to a filing error. (ECF No. 8.) Despite this notice of the deficient filing, Defendants failed to re-file their motion by the February 8, 2019 deadline and did not request an extension of time to submit the motion. (Report at 2.)

"Instead, without seeking and obtaining authorization from the Court or providing any explanation for their failure to comply with the Court-ordered deadline," Defendants waited until February 15, 2019 to file an amended notice of motion. (*Id.*) This notice was not accompanied by a memorandum of law, as required by Local Civil Rule 7.1. *See* Local Civ. R. 7.1 Subsequently, on February 20, 2019, Defendants filed their memorandum of law, to which several exhibits were attached improperly. (Report at 2.) In response, on March 4, 2019, Plaintiff filed a notice of motion to strike Defendants' motion to dismiss, (ECF No. 23), a memorandum of law in support of the motion to strike, (ECF No. 24), and an opposition to Defendants' motion to dismiss, (ECF No. 27), contending, *inter alia*, that Defendants' motion was "long overdue." (Report at 1.) Finally, on March 18, 2019, Defendants properly filed their memorandum of law in support of their motion to dismiss, (ECF No. 53), and their counsel's affirmation attaching the relevant exhibits, (ECF No. 54). Defendants did not reply to Plaintiff's opposition to their motion, nor to Plaintiff's motion to strike. (Report at 2.)

Magistrate Judge Fox did not commit clear error in finding that Defendants' untimely motion to dismiss should be denied. "Filing deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced." *Houston v. Lack*, 487 U.S. 266, 282 (1988) (citation and internal quotation marks omitted). Here, by neglecting to cure their filing deficiencies and properly submit their motion to dismiss by the court-imposed February 8 deadline, Defendants failed to timely file their motion. As Magistrate Judge Fox noted, Defendants did not provide any reason for their failure to properly submit their motion by February 8, 2019, seek and obtain an extension of time to file their motion, or seek and obtain authorization for their belated filings. (Report at 3.) Indeed, they still have not provided

3

any explanation for their delayed filing, and they did not file any objections to the Report. Moreover, considering that Defendant Davidson Fink is a law firm and Defendant Powell is an attorney, (Compl. at 6–7), they should have been well aware of the potential repercussions of an untimely filing. Accordingly, this Court is not "left with the definite and firm conviction that a mistake has been committed" by Magistrate Judge Fox in finding that Defendants' motion to dismiss should be denied. *Easley*, 532 U.S. at 242.

Magistrate Judge Fox's Report is ADOPTED. Defendants' motion to dismiss is DENIED. The Clerk of Court is directed to mail a copy of this memorandum decision and order to Plaintiff.

Dated: New York, New York
September 5, 2019

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

4