UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x

EVERTON STERLING,

                        Plaintiff,

-against-

DEUTSCHE BANK NATIONAL TRUST COMPANY
AS TRUSTEE FOR FEMIT TRUST 2006-FF6,
MORTGAGE PASS THROUGH CERTIFICATES,
SERIES 2006-F6; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. (MERS), *as
Nominee for First Franklin, a Division of Nat. City Bank
of IN*; NASSAU RECOVERY INC./HOME FEDERAL
SB; STEVEN JAY BAUM, *Reg. #2092831*; STEVEN J.
BAUM P.C.; PILLAR PROCESSING LLC.; KYLE
CLARK DIDONE, *Reg. #4549275*; JASON B.
DESIDERIO; LARRY TATE POWELL, *Reg. #4544177*;
DAVIDSON FINK LLP; EDMOND JAMES PRYOR,
*Reg. #2310605*; LAW OFFICES OF EDMOND J.
PRYOR; SPECIALIZED LOAN SERVICING, LLC.,
*Servicer for Defendant Deutsche Bank*; and JOHN
"DOES" AND JANE "DOES" *1 through 100*,

                        Defendants.

------------------------------------------x

MEMORANDUM DECISION
AND ORDER

19 Civ. 205 (GBD) (KNF)



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 2 6 2019

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff Everton Sterling brings this action alleging that the above named Defendants fraudulently misrepresented the value of property in which he has an interest, located at 726 East 219 Street, Bronx, New York 10467. (Compl., ECF No. 1.) Defendant Mortgage Electronic Registration Systems, Inc., (MERS) moves to dismiss Plaintiff's complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Notice of Mot., ECF No. 17.) Plaintiff, in turn, moves to strike Defendant's motion pursuant to Federal Rule of Civil Procedure 12(f). (Notice of Mot., ECF No. 71.)

Before this Court is Magistrate Judge Kevin Nathaniel Fox's August 16, 2019 Report and Recommendation (the "Report"), recommending that Defendant's motion to dismiss be granted and that Plaintiff's motion to strike be denied. (Report, ECF No. 94, at 18.) Magistrate Judge Fox advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 18–19.) No objections have been filed.[1] Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full.

## I. FACTUAL BACKGROUND

Plaintiff alleges that he acquired an interest in the property by a Bargain and Sale Deed dated June 27, 2008. (Compl. ¶ 4.) At the time, the property was subject to a foreclosure action in New York State Supreme Court. (*See* Decl. of Michael E. Blaine ("Decl."), Ex. E (Foreclosure Action Compl.), ECF No. 19-5.) On April 20, 2010, the state court issued a Judgment of Foreclosure and Sale, directing the referee appointed in the foreclosure action to conduct a public sale of the property. (Decl., Ex. G (Foreclosure Action J.), ECF No. 19-7, at 2-3.) Plaintiff filed various motions as a non-party litigant in the foreclosure action, including a motion to vacate the sale. (*See* Decl., Ex. H (Foreclosure Action Docket), ECF No. 19-8.) In addition, on February 5, 2019, he filed an appeal to the Appellate Division of New York State Supreme Court, seeking to vacate a December 20, 2018 order issued by the lower court. (*See* Decl., Ex. J (Notice of Appeal), ECF No. 19-10.)

Plaintiff commenced this action on January 8, 2019, alleging that Defendants "fraudulently misrepresented the [v]alue of the [property] and misrepresented the Loan to Fair Market Value

---

[1] On August 30, 2019, the day that any objections to the Report were due, Plaintiff requested an extension of time of 60 days to file such objections. (Pl.'s Letter dated Aug. 30, 2019, ECF No. 102.) This Court granted an extension to September 20, 2019. (Order dated Sept. 4, 2019, ECF No. 104.) Subsequently, on September 19, 2019, Plaintiff requested a second extension of time, to September 27, 2019, to file objections. (Pl.'s Letter dated Sept. 19, 2019, ECF No. 108.) This Court denied that request. (Order dated Sept. 20, 2019, ECF No. 110.)

Ratio [of the property] based upon a false and inflated appraisal . . . as part of a pattern of racketeering activity." (Compl. ¶ 4.) Plaintiff alleges that he learned about the misrepresentation of the appraisal "after doing some research about the subject matter of this [c]omplaint on December 18, 2018." (*Id.* ¶ 37) On February 19, 2019, Defendant filed the instant motion to dismiss.

## II. LEGAL STANDARDS

### A. Reports and Recommendations.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). A magistrate judge's report to which no objections are made is reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). "In clear error review, a court should reverse a finding only if it is 'left with the definite and firm conviction that a mistake has been committed,' and not merely if it 'would have decided the case differently.'" *Hernandez v. City of New York*, No. 11 Civ. 6644 (KPF) (DF), 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

### B. Rule 12(b)(1) Lack of Subject Matter Jurisdiction.

"[A] claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation and internal quotation marks omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citation omitted); *see also Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990) ("It is well established . . . that before a federal court can consider the merits of a legal claim, the person

3

seeking to invoke the jurisdiction of the court must establish the requisite standing to sue."). In deciding a 12(b)(1) motion, "the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (citation and internal quotation marks omitted). "[U]nder Rule 12(b)(1), [a court is] permitted to rely on non-conclusory, non-hearsay statements outside the pleadings[.]" *M.E.S., Inc. v. Snell*, 712 F.3d 666, 671 (2d Cir. 2013).

## C. Rule 12(b)(6) Failure to State a Claim.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully"; stating a facially plausible claim requires the plaintiff to plead facts that enable the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The factual allegations pled must therefore "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

A district court must first review a plaintiff's complaint to identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The court then considers whether the plaintiff's remaining well-pleaded factual allegations, assumed to be true, "plausibly give rise to an entitlement to relief." *Id.*; *see also Targum v. Citrin Cooperman & Co., LLP*, No. 12 Civ. 6909 (SAS), 2013 WL 6087400, at *3 (S.D.N.Y. Nov. 19, 2013). In deciding the 12(b)(6) motion, the court must also draw all reasonable inferences in the non-moving party's favor. *See N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 119–20 (2d Cir. 2013). This is particularly true for *pro se* plaintiffs,

4

whose submissions are read liberally and interpreted to "raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

## III. DISMISSAL OF PLAINTIFF'S CLAIMS UNDER RULE 12(b)(1) IS NOT WARRANTED

### A. The *Rooker-Feldman* Doctrine Does Not Apply.

Magistrate Judge Fox correctly found that the *Rooker-Feldman* doctrine does not bar this action. "Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005)). The doctrine applies when four requirements are met: "First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must 'complain[] of injuries caused by [a] state-court judgment[.]' Third, the plaintiff must 'invit[e] district court review and rejection of [that] judgment[].' Fourth, the state-court judgment must have been 'rendered before the district court proceedings commenced.'" *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) (quoting *Exxon*, 544 U.S. at 284).

The *Rooker-Feldman* doctrine does not apply here because the state suit at issue is not yet "unequivocally terminated." *Hoblock*, 422 F.3d at 89. Specifically, there remains a pending appeal filed by Plaintiff on February 5, 2019. (*See* Report at 11; *see also* Decl., Ex. J (Notice of Appeal).) Accordingly, because the state court proceedings have not yet ended and no final state-court judgment existed at the time that this action commenced, there is no "state-court loser[]" "inviting district court review and rejection" of any such judgment. *Exxon*, 544 U.S. at 284.

### B. The *Colorado River* and *Younger* Doctrines Do Not Apply.

Magistrate Judge Fox also properly found that neither the *Colorado River* nor the *Younger* abstention doctrines apply here. While district courts have discretion to decide whether to abstain

5

to exercise jurisdiction in the face of a parallel state court proceeding, "abstention is generally disfavored, and federal courts have a 'virtually unflagging obligation' to exercise their jurisdiction." *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100 (2d Cir. 2012) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). In *Colorado River*, the Supreme Court held that "in certain . . . 'exceptional circumstances,' a federal court may abstain from exercising jurisdiction when parallel state-court litigation could result in 'comprehensive disposition of litigation' and abstention would conserve judicial resources." *Id.* (quoting *Colorado River*, 424 U.S. at 813, 817–18). "Suits are parallel when substantially the same parties are contemporaneously litigating substantially the same issue in another forum." *Id.* (citations and internal quotation marks omitted). The Supreme Court has also extended the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), "to particular state civil proceedings that are akin to criminal prosecutions or that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69 (2013) (citations omitted).

As discussed in the Report, Defendant fails to establish that abstention is appropriate under *Colorado River* because Defendant does not sufficiently demonstrate that the state court action and this action are parallel. In particular, although Defendant argues that "this action involves the same issues as the Foreclosure Action," (Defs. Mortgage Electronic Registration Systems, Inc., As Nominee for First Franklin, a Division of Nat. City Bank of IN's Mem. of Law in Supp. of Its Mot. to Dismiss Pl. Everton Sterling's Compl., ECF No. 18, at 8), the state court action involves foreclosure, whereas this action involves civil RICO claims. Given that "[a]ny doubt regarding the parallel nature of a federal and state action should be resolved in favor of the exercise of federal

jurisdiction," *Shields v. Murdoch*, 891 F. Supp. 2d 567, 577 (S.D.N.Y. 2012), abstention here is unwarranted.

Defendant similarly fails to demonstrate that the *Younger* doctrine applies. (Report at 12–14.) Namely, Defendant does not show that this action falls within any of the three "exceptional" circumstances for which *Younger* abstention is appropriate: (1) "state criminal prosecutions," (2) "civil enforcement proceedings," and (3) "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint*, 571 U.S. at 73. Accordingly, the general rule of non-abstention governs.

## C. Dismissal for Lack of Standing Is Unwarranted.

Magistrate Judge Fox appropriately determined that Defendant's motion to dismiss for lack of standing should be denied. To have Article III standing, three elements must be met: (1) the plaintiff must have suffered an actual or imminent injury in fact that is concrete and particularized, (2) there must be a causal connection between the injury and the defendant's actions, and (3) it must be likely, as opposed to merely speculative, that a favorable decision in the case will redress the injury. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). Here, as noted in the Report, Defendant simply "makes a string-citation to multiple cases, without discussing each *Lujan* element and explaining how each of the cases cited supports the defendant's lack of standing argument." (Report at 15.) Such a cursory recitation of case law does not, in itself, justify a dismissal of Plaintiff's complaint.

## IV. PLAINTIFF'S CLAIMS ARE NOT TIME-BARRED

Magistrate Judge Fox correctly found that Plaintiff's claims are not barred under the applicable statutes of limitations. The statute of limitations for Racketeer Influenced and Corrupt Organizations Act ("RICO") claims is four years, which "begins to run 'when the plaintiff

discovers or should have discovered the RICO injury.'" *Cohen v. SAC Trading Corp.*, 711 F.3d 353, 361 (2d Cir. 2013) (citation omitted). Meanwhile, the statute of limitations for fraud is set forth in Section 213(8) of the New York Civil Practice Law and Rule, which states that:

> an action based upon fraud . . . must be commenced [within] the greater of six years from the date the cause of action accrued or two years from the time the plaintiff or the person under whom the plaintiff claims discovered the fraud, or could with reasonable diligence have discovered it.

N.Y. C.P.L.R. § 213(8); *see Koch v. Christie's Int'l PLC*, 699 F.3d 141, 154 (2d Cir. 2012) (citations omitted). Here, Plaintiff alleges that he learned about the misrepresentation of the appraisal on December 18, 2018. (Compl. ¶ 37.) Because the limitations period for both civil RICO claims and fraud claims begins to run when the plaintiff discovers or should have discovered the injury, and Plaintiff here discovered his injury on December 18, 2018, his causes of action are not time-barred.

## V. PLAINTIFF FAILS TO ALLEGE A CLAIM AGAINST DEFENDANT

Magistrate Judge Fox appropriately determined that Plaintiff's claims against Defendant should be dismissed, however, for failure to sufficiently allege any claim of RICO violation or fraud. RICO provides, in pertinent part, that:

> [i]t shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal . . . to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

18 U.S.C. § 1962(a). To establish a valid claim under RICO, a plaintiff must allege "(1) a violation of the RICO statute, 18 U.S.C. § 1962; (2) an injury to business or property; and (3) that the injury was caused by the violation of Section 1962." *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008) (citation and internal quotation marks omitted). Because "the essence

8

of a violation of § 1962(a) is not commission of predicate acts but investment of racketeering income," "to state a claim for civil damages under § 1962(a), a plaintiff must allege injury from the defendants' investment of racketeering income in an enterprise." *Ouaknine v. MacFarlane*, 897 F.2d 75, 83 (2d Cir. 1990).

Moreover, where the predicate acts are alleged to involve fraud, as is the case here, the plaintiff must also satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires such a party to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). In an action "[w]here multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud." *Angermeir v. Cohen*, 14 F. Supp. 3d 134, 147 (S.D.N.Y. 2014) (quoting *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987)) (internal quotation marks omitted). "The requirements of Rule 9(b) are 'not satisfied by a complaint in which defendants are clumped together in vague allegations.'" *Polar Int'l. Brokerage Corp. v. Reeve*, 108 F. Supp. 2d 225, 237 (S.D.N.Y. 2000) (citation omitted).

Plaintiff here fails to adequately allege any claim against Defendant. Plaintiff broadly alleges in his complaint that all of the Defendants "fraudulently misrepresented the [v]alue of the [property] and misrepresented the Loan to Fair Market Value Ratio [of the property] based upon a false and inflated appraisal . . . as part of a pattern of racketeering activity." (Compl. ¶ 4.) He mentions this specific Defendant only once, however, in a section captioned as "Parties," where he alleges that this Defendant "is participating in the fraudulent corrupt enterprise against Plaintiff's property interests." (*Id.* at 5.) Such broad and conclusory allegations, without more, cannot withstand a motion to dismiss. Moreover, as noted in the Report, because "[a] liberal reading of the complaint does not give any indication that a valid claim might be stated, . . . leave

9

to amend the complaint is not warranted." (Report at 17–18.) Accordingly, Plaintiff's claims against Defendant are dismissed.

## VI. PLAINTIFF'S MOTION TO STRIKE IS DENIED

Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Magistrate Judge Fox did not commit clear error in finding that Plaintiff's motion to strike Defendant's motion to dismiss is unwarranted, given that Rule 12(f) "does not apply to the defendant's motion." (*Id.* at 18.)

## VII. CONCLUSION

Magistrate Judge Fox's Report is ADOPTED. Defendant's motion to dismiss, (ECF No. 17), is GRANTED. Plaintiff's motion to strike, (ECF No. 71), is DENIED. The Clerk of Court is directed close the motions accordingly, and to mail a copy of this memorandum decision and order to Plaintiff.

Dated: New York, New York
      September 26, 2019

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge