**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

EVERTON STERLING,

                           Plaintiff,

       -against-

DEUTSCHE BANK NATIONAL TRUST COMPANY
AS TRUSTEE FOR FEMIT TRUST 2006-FF6,
MORTGAGE PASS THROUGH CERTIFICATES,
SERIES 2006-FF6; NASSAU RECOVERY INC./HOME
FEDERAL SB; STEVEN JAY BAUM, *Reg. #2092831*;
STEVEN J. BAUM P.C.; PILLAR PROCESSING LLC.;
KYLE CLARK DIDONE, *Reg. #4549275*; JASON B.
DESIDERIO; LARRY TATE POWELL, *Reg. #4544177*;
DAVIDSON FINK LLP; EDMOND JAMES PRYOR,
*Reg. #2310605*; LAW OFFICES OF EDMOND J.
PRYOR; SPECIALIZED LOAN SERVICING, LLC.,
*Servicer for Defendant Deutsche Bank*; and JOHN
"DOES" AND JANE "DOES" *1 through 100*,

                           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

19 Civ. 205 (GBD) (JW)

**GEORGE B. DANIELS, United States District Judge:**

*Pro se* Plaintiff Everton Sterling brings this action alleging that Defendants fraudulently misrepresented the value of certain property in which he has an interest. Defendants Steven J. Baum P.C., Steven Jay Baum, Kyle Clark Didone, and Jason B. Desiderio (collectively, the "Baum Defendants") move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, claiming that the *Rooker-Feldman* doctrine precludes federal jurisdiction. They also move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, arguing that Plaintiff's claims are barred by (1) the res judicata and claim splitting doctrines; (2) the applicable statutes of limitations; and (3) failure to adequately plead Racketeer Influenced and Corrupt Organizations Act ("RICO") and fraud claims with particularity pursuant to Federal Rule of Civil Procedure 9(b). (ECF No. 57.) Plaintiff, in turn, moves pursuant to Federal Rule of Civil Procedure 12(f) to strike the Baum Defendants' motion. (ECF No. 76.)

1

Before this Court is Magistrate Judge Kevin Nathaniel Fox's August 16, 2019 Report and Recommendation (the "Baum Report"), recommending that the Baum Defendants' motion to dismiss the RICO and fraud claims be granted, and that Plaintiff's motions to strike be denied. (Baum Report, ECF No. 95, at 13.) Magistrate Judge Fox advised the parties that failure to file timely objections to the Reports would constitute a waiver of those objections on appeal. (Baum Report at 13–14.) The Baum Defendants filed timely objections on August 30, 2019. (Baum Objs.) Plaintiff filed objections to the Baum Report on September 27, 2019. (Pl.'s Objs. to Baum Report ("Pl.'s Baum Objs."), ECF No. 114.) He also sought leave to file an amended complaint on February 14, 2020. (ECF No. 126–1.) Having reviewed Magistrate Judge Fox's Report, as well as Plaintiff's and the Baum Defendants' objections, this Court ADOPTS the Report and overrules all objections. Accordingly, the Baum Defendants' motion to dismiss Plaintiff's complaint for failure to state a claim pursuant to Rules 12(b)(6) and 9(b) is GRANTED.

## I.    FACTUAL BACKGROUND

Plaintiff alleges that he acquired an interest in property located at 726 East 219 Street, Bronx, New York 10467 by a Bargain and Sale Deed dated June 27, 2008. (Compl., ECF No. 1, Ex. 1B.) At the time, the property was subject to a foreclosure action in New York State Supreme Court, brought by Defendant Deutsche Bank National Trust Company in its capacity as Trustee for FFMLT Trust 2006-FF6, Mortgage Pass-Through Certificates, Series 2006-FF6 ("Deutsche Bank"). (*See* Decl. of Anthony J. Proscia, Esq. ("Decl."), Ex. D, ECF No. 59–4.) On April 20, 2010, the state court issued a Judgment of Foreclosure and Sale, directing the referee appointed in the action to conduct a public sale of the property.[1] (Decl., Ex. H, ECF No. 59–8, at 2–3.)

---

[1] Plaintiff filed various motions as a non-party litigant in the foreclosure action, including an appeal of a December 20, 2018 order denying Plaintiff's motion to intervene and vacate the judgment of foreclosure. (*See* Decl., Ex. A, ECF No. 100–1.)

2

Plaintiff commenced this action on January 8, 2019. Plaintiff's claim centers around the appraisal of the property in connection with a mortgage from February 2006. (*See* Compl. ¶ 2.) In particular, Plaintiff claims that the Defendants "fraudulently misrepresented the [v]alue of the [property] and misrepresented the Loan to Fair Market Value Ratio [of the property] based upon a false and inflated appraisal . . . as part of a pattern of racketeering activity." (*Id.* ¶¶ 2, 4.) Plaintiff alleges that he learned about the misrepresentation of the appraisal "after doing some research about the subject matter of this [c]omplaint on December 18, 2018." (*Id.* ¶ 37.) In a section captioned "Parties," Plaintiff claims that Defendant Steven J. Baum P.C. is "a R.I.C.O. 'person' as an Attorney Law Firm" for Deutsche Bank, that Defendant Steven Jay Baum is a "Debt Collection Agent" for Deutsche Bank, and that Defendants Kyle Clark Didone and Jason B. Desiderio are "Debt Collector Agent Attorney[s]" for Deutsche Bank. (*Id.* at 5–6.)

## II.   LEGAL STANDARDS

### A.   Reports and Recommendations.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* The court, however, need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Rather, it is sufficient that the court "arrive at its own, independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). The clear error standard also applies if a party's "objections

are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

## B. Rule 12(b)(1) Lack of Subject Matter Jurisdiction.

"[A] claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citation omitted); *see also Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990) ("It is well established . . . that before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue."). In deciding a Rule 12(b)(1) motion, "the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (citation omitted). "[U]nder Rule 12(b)(1), [a court is] permitted to rely on non-conclusory, non-hearsay statements outside the pleadings[.]" *M.E.S., Inc. v. Snell*, 712 F.3d 666, 671 (2d Cir. 2013).

## C. Rule 12(b)(6) Failure to State a Claim.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully"; stating a

facially plausible claim requires the plaintiff to plead facts that enable the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The factual allegations pled must therefore "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

A district court must first review a plaintiff's complaint to identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The court then considers whether the plaintiff's remaining well-pleaded factual allegations, assumed to be true, "plausibly give rise to an entitlement to relief." *Id.*; *see also Targum v. Citrin Cooperman & Co., LLP*, No. 12 Civ. 6909 (SAS), 2013 WL 6087400, at *3 (S.D.N.Y. Nov. 19, 2013). In deciding the 12(b)(6) motion, the court must also draw all reasonable inferences in the non-moving party's favor. *See N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 119–20 (2d Cir. 2013). This is particularly true for *pro se* plaintiffs, whose submissions are read liberally and interpreted to "raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

### III.    THE *ROOKER-FELDMAN* DOCTRINE DOES NOT APPLY

Magistrate Judge Fox properly found that the *Rooker-Feldman* doctrine does not bar Plaintiffs' claims against the Baum Defendants and, therefore, that this Court does not lack subject matter jurisdiction. The Baum Defendants' objections are unavailing. "Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005)). The doctrine applies when four requirements are met: "First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must 'complain[] of injuries caused by [a] state-

5

court judgment[.]' Third, the plaintiff must 'invit[e] district court review and rejection of [that] judgment[].' Fourth, the state-court judgment must have been 'rendered before the district court proceedings commenced.'" *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) (quoting *Exxon*, 544 U.S. at 284).

The *Rooker-Feldman* doctrine does not apply here because the state suit at issue had not yet been "unequivocally terminated" when this action was commenced. *Hoblock*, 422 F.3d at 89. At the time Plaintiff filed the instant suit, the appeal of the denial of his motion to intervene and vacate the judgment of foreclosure was still pending. (*See* Baum Report at 9.) Accordingly, because the state court proceedings had not yet ended and no final state-court judgment existed at the time that this action commenced, there is no "state-court loser[]" "inviting district court review and rejection" of any such judgment. *Exxon*, 544 U.S. at 284. Dismissal for lack of subject matter jurisdiction is therefore not warranted.[2]

## IV.    PLAINTIFF FAILS TO ALLEGE A CLAIM AGAINST THE BAUM DEFENDANTS

### A.    Plaintiff's Claims Are Not Barred by the Res Judicata, Claim Splitting, or Collateral Estoppel Doctrines.

Magistrate Judge Fox found that Plaintiff's claims are not barred by res judicata. "Under the doctrine of res judicata, or claim preclusion, '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action' to support or to defend against the alleged cause of action." *Proctor v. LeClaire*, 715 F.3d 402, 411 (2d Cir. 2013) (citations omitted) (alterations in original). "A court may consider a *res judicata* defense on a Rule 12(b)(6) motion to dismiss when the court's inquiry is limited to

---

[2] This action also fails to meet the second requirement of the *Rooker-Feldman* doctrine—namely, that the plaintiff's complaint be about an injury *caused* by a state judgment. *Hoblock*, 422 F.3d at 87 (the "state-court judgment [must] be the source of the injury"). Here, Plaintiff alleges injury from the appraisal associated with the 2006 mortgage for his property, not from any judgment from the state court proceedings.

the plaintiff's complaint, documents attached or incorporated therein, and materials appropriate for judicial notice." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014).

In support of their argument, the Baum Defendants point to an adversary proceeding in which Plaintiff allegedly brought fraud claims that were based on the same transaction at issue here, and which was ultimately dismissed. (*See* Baum Report at 10–11.) In his Report, Magistrate Judge Fox notes that the adversary proceeding is not mentioned in the complaint and the Baum Defendants did not ask the Court to take judicial notice of any adjudicative facts from such proceeding. (*Id.*) Accordingly, Magistrate Judge Fox found that the Baum Defendants failed to establish an affirmative defense of res judicata.[3] (*Id.*)

In their objections, the Baum Defendants contend that Magistrate Judge Fox erred in not taking judicial notice of "prior substantive determinations" made in the adversary proceeding, as well as those made in the foreclosure action. (Baum Objs. at 6.) They concede that their underlying motion papers did not expressly request that judicial notice be taken, but they argue that it was sufficient that they referenced the adversary proceeding and foreclosure action, asserted res judicata as a defense based on those proceedings, and "annexed and/or cited the pertinent prior substantive determinations" made in these proceedings. (*Id.* at 7.)

Rule 201 of the Federal Rules of Evidence provides that a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "Because the effect of judicial notice is to deprive a party of the opportunity to use rebuttal evidence, cross-examination, and

---

[3] Magistrate Judge Fox further rejected the Baum Defendants' argument for dismissal based on "the claim splitting doctrine," because they failed to cite binding authority or discuss this argument in any detail. (Baum Report at 11.) The Baum Defendants do not object to this finding and this Court finds no clear error in Magistrate Judge Fox's analysis.

argument to attack contrary evidence, caution must be used in determining that a fact is beyond

controversy under Rule 201(b)." *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A.,*

*Inc.*, 146 F.3d 66, 70 (2d Cir. 1998). Accordingly, "[j]udicial notice of a disputed fact should not

ordinarily be taken as the basis for dismissal of a complaint." *Oneida Indian Nation of N.Y. v. New*

*York*, 691 F.2d 1070, 1086 (2d Cir. 1982). However, judicial notice must be taken "if a party

requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

Here, Magistrate Judge Fox did not err in not *sua sponte* taking judicial notice of certain

determinations made in the adversary proceeding or foreclosure action. First, as Magistrate Judge

Fox correctly noted, the Baum Defendants never requested that he take judicial notice of any

adjudicative facts. (*See* Baum Report at 11.) Rule 201(c)(2) expressly states that judicial notice

must be taken "*if a party requests it*." Fed. R. Evid. 201(c)(2) (emphasis added). Moreover, the

Baum Defendants failed to "suppl[y] . . . the necessary information." *Id.* Their brief in support of

their motion to dismiss simply states in general, conclusory terms that Plaintiff asserted fraud

claims based on the same transaction and factual allegations in both this action and the two prior

proceedings. Moreover, though they attached to their brief various documents from those

proceedings, they have not identified any specific adjudicative facts contained within those

documents. (*See* Defs.' Mem. at 10–11); *see also 725 Eatery Corp. v. City of New York*, 408 F.

Supp. 3d 424, 456 (S.D.N.Y. 2019) ("To the extent Plaintiffs seek judicial notice of adjudicative

facts contained within those documentary exhibits, they have not identified such facts."); Wright

& Miller, 21B Fed. Prac. & Proc. Evid. § 5107.1 (2d ed. 1995) (advising that, although Rule 201

"does not state what the request for judicial notice must contain in order to make judicial notice

mandatory[,] [a]t a bare minimum, the request should specify precisely the adjudicative fact that

the court should notice, state whether [the] fact can be noticed as a matter of common knowledge,

and, if not, cite the court to some source of reasonably indisputable accuracy in which the noticed fact may be found"). Judicial notice of such documents is therefore not warranted.

**B.     Plaintiff's Claims Are Not Time-Barred.**

Magistrate Judge Fox also correctly found that Plaintiff's claims are not barred under the applicable statutes of limitations. The statute of limitations for RICO claims is four years, which "begins to run 'when the plaintiff discovers or should have discovered the RICO injury.'" *Cohen v. SAC Trading Corp.*, 711 F.3d 353, 361 (2d Cir. 2013) (citation omitted). Meanwhile, the statute of limitations for fraud is set forth in Section 213(8) of the New York Civil Practice Law and Rule, which states that:

> an action based upon fraud . . . must be commenced [within] the greater of six years from the date the cause of action accrued or two years from the time the plaintiff or the person under whom the plaintiff claims discovered the fraud, or could with reasonable diligence have discovered it.

N.Y. C.P.L.R. § 213(8); *see Koch v. Christie's Int'l PLC*, 699 F.3d 141, 154 (2d Cir. 2012) (citations omitted). Here, Plaintiff alleges that he learned about the misrepresentation of the appraisal on December 18, 2018. (Compl. ¶ 37.) In their objections, the Baum Defendants argue that Magistrate Judge Fox should have considered, among other things, Plaintiff's prior filings in the foreclosure action and adversary proceeding in determining when Plaintiff developed actual knowledge of the alleged misrepresentation. At this stage in the proceedings, however, and reading *pro se* Plaintiff's pleading liberally and interpreting it to "raise the strongest arguments that [it] suggest[s]," *Triestman*, 470 F.3d at 474, this Court accepts Plaintiff's allegation that he learned about the misrepresentation on December 18, 2018. Because the limitations period for both civil RICO claims and fraud claims begins to run when the plaintiff discovers or should have discovered the injury, and Plaintiff alleges that he discovered his injury on December 18, 2018, his causes of action are not time-barred.

## C.     Plaintiff's Claims Should Be Dismissed Because They Do Not Sufficiently Allege A RICO Violation or Fraud.

Magistrate Judge Fox appropriately determined that Plaintiff's claims against the Baum Defendants should be dismissed for failure to sufficiently allege any violation of RICO or fraud. To establish a valid claim under RICO, a plaintiff must allege "(1) a violation of the RICO statute, 18 U.S.C. § 1962; (2) an injury to business or property; and (3) that the injury was caused by the violation of Section 1962."[4] *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008) (citation omitted). Because "the essence of a violation of § 1962(a) is not commission of predicate acts but investment of racketeering income," "to state a claim for civil damages under § 1962(a), a plaintiff must allege injury from the defendants' investment of racketeering income in an enterprise." *Ouaknine v. MacFarlane*, 897 F.2d 75, 83 (2d Cir. 1990).

Moreover, where the predicate acts are alleged to involve fraud, as is the case here, the plaintiff must also satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires such a party to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). In an action "[w]here multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud." *Angermeir v. Cohen*, 14 F. Supp. 3d 134, 147 (S.D.N.Y. 2014) (quoting

---

[4] Plaintiff's complaint alleges violations of 18 U.S.C. § 1964(c) and § 1962(a) as Counts I and II, respectively. (Compl. at 45–47.) Elsewhere in the complaint, Plaintiff refers to a violation of 18 U.S.C. § 1962(c). (*Id.* at 4.) RICO's substantive provision, 18 U.S.C. § 1962, has separate subsections for four types of racketeering activity, including Sections 1962(a) and (c). While Section 1962(a) prohibits using income derived from a pattern of racketeering activity to acquire an interest in an enterprise, Section 1962(c) prohibits conducting or participating in the conduct of an enterprise through a pattern of racketeering activity. Section 1964(c) provides a private civil cause of action for substantive RICO violations. Magistrate Judge Fox interpreted Plaintiff's complaint to allege a RICO violation pursuant to Section 1964(c) and a RICO violation of Section 1962(a). (Baum Report at 1.) Even if this Court interprets Plaintiff's complaint to also allege a violation of Section 1962(c), Plaintiff's complaint should still be dismissed. As noted in the Report, the complaint does not include sufficient allegations "concerning the existence of a RICO enterprise" or a "pattern of racketeering activity." (*Id.* at 12.)

*DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987)). "The requirements of Rule 9(b) are 'not satisfied by a complaint in which defendants are clumped together in vague allegations.'" *Polar Int'l. Brokerage Corp. v. Reeve*, 108 F. Supp. 2d 225, 237 (S.D.N.Y. 2000) (citation omitted).

Plaintiff here fails to adequately allege any claim against the Baum Defendants. Plaintiff broadly alleges in his complaint that all of the Defendants "fraudulently misrepresented the [v]alue of the [property] and misrepresented the Loan to Fair Market Value Ratio [of the property] based upon a false and inflated appraisal . . . as part of a pattern of racketeering activity." (Compl. ¶ 4.) Such broad and conclusory allegations, without more, cannot withstand a motion to dismiss. Aside from mentioning the Baum Defendants in a section captioned as "Parties," (*see id.* at 5–6), the complaint is devoid of any allegations against any of these Defendants.[5] Plaintiff has therefore failed to plausibly allege the elements of a RICO claim or fraud claim.

Plaintiff argues that he should be afforded leniency due to his *pro* se status and given an opportunity to amend his complaint. (*See* Pl.'s Baum Objs. at 4.) As noted in the Report, however, "[a] liberal reading of the complaint does not give any indication that a valid claim might be stated." (Baum Report at 13.) Plaintiff attaches a proposed amended complaint to his objections to a separate Report and Recommendation issued by Magistrate Judge Fox, but Plaintiff's amendments fail to cure any of the identified deficiencies. Accordingly, this Court rejects Plaintiff's proposed amended complaint as futile. *See AEP Energy Srvs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 726 (2d Cir. 2010) ("Leave to amend may be denied on grounds of futility if the proposed amendment fails to state a legally cognizable claim or fails to raise triable

_____

[5] Plaintiff's complaint concedes that none of the Baum Defendants was the "Original Lender" who allegedly fraudulently overstated the true value of the property, nor was Plaintiff the purchaser or owner at that time.

issues of fact."). Leave to amend the complaint is not warranted, and Plaintiff's claims against the

Baum Defendants are dismissed.

## V.    CONCLUSION

Magistrate Judge Fox's Report is ADOPTED. The Baum Defendants' motion to dismiss

for failure to state a claim, (ECF No. 57), is GRANTED. Plaintiff's motion to strike, (ECF No.

76), is DENIED.[6]

The Clerk of Court is directed close the motions accordingly, and to mail a copy of this

memorandum decision and order to Plaintiff.


Dated: March 27, 2023
          New York, New York

                                                          SO ORDERED.

                                                          *George B. Daniels*
                                                          GEORGE B. DANIELS
                                                          United States District Judge

---

[6] Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Magistrate Judge Fox did not commit error in finding that Plaintiff's motions to strike the Baum Defendants' motion to dismiss is without merit, given that Rule 12(f) does not apply to motions. (Baum Report at 13.)