UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x

EVERTON STERLING,

                          Plaintiff,

      -against-

DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR FEMIT TRUST 2006-FF6, MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2006-F6; NASSAU RECOVERY INC./HOME FEDERAL SB; PILLAR PROCESSING LLC.; LARRY TATE POWELL, *Reg. #4544177*; DAVIDSON FINK LLP; EDMOND JAMES PRYOR, *Reg. #2310605*; LAW OFFICES OF EDMOND J. PRYOR; SPECIALIZED LOAN SERVICING, LLC., *Servicer for Defendant Deutsche Bank*; and JOHN "DOES" AND JANE "DOES" *1 through 100*,

                          Defendants.

------------------------------------------x

<u>MEMORANDUM DECISION AND ORDER</u>

19 Civ. 205 (GBD) (JW)

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff Everton Sterling brings this action alleging that the abovenamed Defendants fraudulently misrepresented the value of certain property in which he has an interest, located at 726 East 219 Street, Bronx, New York 10467.[1] Defendants Davidson Fink LLP, Larry Tate Powell, Pillar Processing, LLC, and Deutsche Bank National Trust Company move for summary judgment pursuant to Federal Rule of Civil Procedure 56, seeking dismissal of Plaintiff's claims. (ECF Nos. 133, 151, 160.) Plaintiff, in turn, moves for summary judgment against all remaining Defendants on the issue of liability. (ECF No. 143.)

Before this Court is Magistrate Judge Jennifer Willis's February 24, 2023 Report and Recommendation (the "Report"), recommending that Defendants' motions be granted and that

---

[1] This Court previously dismissed Plaintiff's claims against former Defendants Mortgage Electronics Registration Systems, Inc. (MERS), Steven J. Baum, P.C., Steven Jay Baum, Kyle Clark Didone, and Jason B. Desidero for the Complaint's failure to state a cause of action against them. (ECF Nos. 111, 179.)

1

Plaintiff's motion be denied. (Report, ECF No. 175, at 18–19.) Magistrate Judge Willis advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id*. at 19.) Plaintiff filed timely objections on March 24, 2023. (Pl.'s Objs. to R. & R. ("Pl.'s Objs."), ECF No. 178.) Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the Report to which objections have been made.

Upon a *de novo* review of the Report and Plaintiff's objections, this Court concurs with Magistrate Judge Willis that Plaintiff has done nothing to properly allege or substantiate any potential allegation against these Defendants. Plaintiff's generic, unspecified, and unsupported conclusory allegations are "the type of conjectural and conclusory assertion[s]" insufficient to withstand summary judgment" (and indeed, would be insufficient to survive a motion to dismiss). *See Brogdon v. City of New York*, No. 16 Civ. 8076, 2018 WL 4762981, at *19 (S.D.N.Y. Aug. 8, 2018), *objections overruled*, 2018 WL 4757947 (S.D.N.Y. Oct. 1, 2018).

In his objections, Plaintiff claims to have "proffered to the Court incontrovertible certified prima facie evidence" in support of his claims. (Pl.'s Objs. ¶ 8.) Specifically, Plaintiff claims that certain "Bronx County Land Records" "qualifiedly prove[] the fact that the Plaintiff's mortgaged property was falsely inflated." (*Id.*) This Court has reviewed the various filings Plaintiff submitted in connection with summary judgment and found no copy of any land records, or any explanation as to what Plaintiff believes such records prove. (*See* ECF Nos. 141, 142, 143, 173, 174.) Plaintiff has therefore failed to meet his burden of "set[ting] forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Plaintiff's remaining arguments are without merit.

Accordingly, this Court ADOPTS the Report in full and overrules the objections. Defendants' motions for summary judgment, (ECF Nos. 133, 151, 160), are GRANTED and the

claims against them are dismissed. Plaintiff's motion for summary judgment, (ECF No. 143), is DENIED.

The Clerk of Court is directed to close the open motions.

Dated: March 29, 2023
      New York, New York         SO ORDERED.

                                          GEORGE B. DANIELS
                                          United States District Judge